UNITED STATES, Appellee

v

RONALD C. JONES, Private E-2, U. S. Army, Appellant

7 USCMA 283, 22 CMR 73

No. 7815

Decided August 24, 1956

*First Lieutenant Stephen D. Potts* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Stanley F. Flynn.*

*First Lieutenant Lewis W. Evans* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *Captain Thomas J. Nichols.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial convicted the accused of the wrongful use of marihuana, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728, and sentenced him to a dishonorable discharge, total forfeitures, and confinement at hard labor for one year. Intermediary appellate authorities affirmed the conviction. The accused then petitioned this Court for grant of review alleging a number of errors. We granted the petition on the question of whether the law officer erred during the trial, when, on his own motion, he excused a court member.

In the course of a prosecution witness' testimony, Captain O'Neill, a court member, stated that he believed he sat as a court member on the trial of the witness for the use of marihuana on the same occasion as that alleged in regard to the accused. A check of the record of trial in the witness' case verified Captain O'Neill's belief. Thereupon, the law officer excused Captain O'Neill subject to objection by any member of the court. Defense counsel objected to this ruling. He argued that from "the tenor of the questions asked by Captain O'Neill . . . the defense would prefer that he . . . sit." However, no member of the court objected and the "challenged member" left the courtroom.

No question exists as to the eligibility and impartiality of the court-martial members that convicted the accused. Moreover, the Government and the accused agree that neither party has a right to a particular court member, but that both are entitled to impartial mem-

284

bers. United States v Carver, 6 US CMA 258, 19 CMR 384; United States v Deain, 5 USCMA 44, 17 CMR 44. The accused contends, however, that the law officer could not legally excuse Captain O'Neill on his own motion.

Article 29(a) of the Uniform Code of Military Justice, 50 USC § 593, provides generally that a court ▆▆▆ member shall not be excused after arraignment except "as a result of a challenge." A court member who participated in the trial of a closely related case is subject to challenge for cause. Manual for Courts-Martial, United States, 1951, paragraph 62f(13). It is apparent, therefore, that the law officer excused Captain O'Neill on the basis of challenge. The fact that he ruled on the challenge subject to objection by a court member was error. However, there is no claim, and we discern no likelihood, that this aspect of the procedure improperly influenced the remaining court members or prejudiced the accused in any substantial right. This error, therefore, may be disregarded. United States v Shaffer, 2 USCMA 75, 6 CMR 75.

Discussing the right of challenge, paragraph 62 of the Manual provides, in part, that "Members of ▆▆▆ a general or special court-martial . . . may be challenged by the accused or the trial counsel for cause stated to the court." The Manual further points out that if the challenge is on one of the first eight grounds specified in paragraph 62f, and the fact is admitted, or it is "manifest" that the challenge will be unanimously sustained, the member "will be excused forthwith unless objection or question is made or raised." The discussion itself does not indicate who excuses the disqualified member. However, the Manual's guide to trial procedure indicates that in such cases the law officer "may excuse the challenged person 'subject to the objection of any member.'" Appendix 8a, page 506. I regard this provision as a proper supplement to the procedure for a contested challenge. When it is "manifest" that the court

member must be excused, it should be unnecessary for the court to engage in the "empty ritual" of taking a formal vote to determine the validity of the challenge. See United States v Walker, 1 USCMA 580, 584, 5 CMR 8. But a majority of the Court are of the opinion that the trial guide procedure is contrary to the provisions of Articles 41 and 51, Uniform Code of Military Justice, 50 USC § 616 and § 626. In their view, the challenged member can be excused only after a vote by the court, in accordance with the procedure set out in Articles 51(a) and 52, supra. This conclusion, however, does not necessarily deprive the law officer of the right to originate a challenge.

The Manual provision does not preclude the law officer from exercising the right to challenge. The ▆▆▆ language is permissive, not mandatory. United States v Knudson, 4 USCMA 587, 591, 16 CMR 161. Moreover, no provision in the Uniform Code prohibits such action. Nor does the Code prohibit the law officer from instructing the court members on the law relating to challenge. Under these circumstances, the trial practice in the Federal criminal courts as to both the persons who may challenge and the time of challenge is an appropriate guide for the practice in courts-martial. United States v Fisher, 4 USCMA 152, 15 CMR 152.

In United States v Benson, 31 Fed 896 (D Calif), page 900, the court pointed out that Federal judges have the "power, and it is their duty, to exercise it . . . on their own motion . . . to enforce any other objections to jurors which . . . would necessarily unfit them to act." Ordinarily, the power to challenge is exercised on initial *voir dire*, but it can also be exercised during the trial whenever the need becomes apparent if alternate jurors have been appointed so that the number of remaining jurors is not reduced below that required by law. Rule 24(c), Federal Rules of Criminal Procedure. We conclude, therefore, that the law officer

**285**

is authorized to challenge a court member for cause on his motion, either during the regular challenge procedure or during the trial.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.