UNITED STATES, Appellee

v

LEWIS B. TALBOTT, Staff Sergeant, U. S. Air Force, Appellant

12 USCMA 446, 31 CMR 32

No. 14,899

July 21, 1961

*Colonel James L. Kilgore, Lieutenant Colonel Daniel E. Henderson, Jr.,* and *Major Quincey W. Tucker, Jr.,* were on the brief for Appellant, Accused.

*Colonel Merlin W. Baker* and *Lieutenant Colonel Simpson M. Woolf* were on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of one specification of larceny and two specifications of wrongful appropriation, all in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921. He was sentenced to bad-conduct discharge and confinement at hard labor for nine months. The convening authority reduced the confinement involved to six months but otherwise approved the sentence. The board of review made some slight modification in the findings. It also affirmed the sentence. We granted the accused's petition for review on the issue whether a challenge against a member of the court-martial should have been sustained.

After the convening of the court-martial appointed to hear accused's case, the trial counsel ascertained that no members of the panel had acted as investigating officer, staff judge advocate, or counsel in the proceedings. He then inquired whether any member of the court was aware of any facts which he believed might constitute a ground for challenge against him. The president of the court immediately replied:

"COL GILES: I would like to make a statement at this time. In the course of my normal duties at this station I was made aware of certain facts concerning this case which might in some way or another affect my opinion.

"TC: Do you feel that you cannot impartially hear this case, sir?

"COL GILES: I merely made a statement that in the course of my normal duties I had more knowledge than I think I should have to sit on this case at this time.

"LO: Do you feel that it will affect your judgment in this matter? Have you formed an opinion?

"COL GILES: I would say that I have not formed any more opinion than this knowledge would produce. That is the best I can say."

The law officer afforded the defense counsel an opportunity to examine the court member. Counsel refused, but indicated his belief that Colonel Giles should be challenged for cause. Trial counsel promptly entered such a challenge. The law officer, however, decided further to examine the member:

"LO: I would like to ask another question or two. Colonel Giles, do you feel that you cannot impartially participate in this trial?

"COL GILES: Well, I believe that what you are saying is can I disregard the knowledge that I think I have in the case. This happened during the course of the investigation and it was during the normal course of duties that I ran into this information. Am I in a position to disregard this? Possibly I am. I don't know. I believe the original question was whether or not any

member had any knowledge of the case. I felt I should bring it out at this point. It is up to you people to decide whether this would have any bearing or not.

"LO: In other words, as I understand it, you can disregard anything you have heard about this case and you can fairly and impartially try this accused without being influenced in any way by whatever it is you might have heard about the case before coming here today?

"COL GILES: I might be able to say that at this time but as the case progresses something might come up that might cause me to form an opinion other than information that I had previous to the time this court was called. I have no way for certain of knowing to make a statement flatly one way or another. I just merely brought out the fact that I was aware of certain facts of the case prior to the time this court was called."

The trial counsel renewed the challenge for cause against Colonel Giles and, after receiving instructions from the law officer, the remainder of the court deliberated and voted in closed session upon the matter. By a majority vote, it determined not to sustain the challenge.

Subsequently, defense counsel indicated that he had nothing more to present with reference to the matter. However, when the normal occasion for his assertion of challenges arrived, he embarked upon his own *voir dire* examination of the president:

"DC: Gentlemen, I have two questions I would like to ask the members of the court.

"Colonel Giles, as the prosecution has advised you, the charge in this case is a violation of Article 121, larceny. If, during the course of the trial it develops that one of the elements of the offense of larceny is not proved by the prosecution, would you hesitate subsequently to find the accused not guilty?

"COL GILES: I believe that in

my sworn oath that I am obligated to go by testimony in evidence. Any decision I make would be on evidence presented in this case and for no other reason.

. . . . .

"DC: If one of the essential elements of the offense of larceny is not proved by the prosecution, would you hesitate to find the accused not guilty?

"COL GILES: I don't believe I would.

"DC: As I understand it, you would not hesitate?

"COL GILES: No.

. . . . .

"DC: I have no challenges for cause. The accused excuses Capt Callaway peremptorily."

In military law, Congress has provided that challenges for cause directed to the members of a court-martial or its law officer must be resolved by the court itself, voting in secret session with the challenged member excluded. Code, supra, Article 41, 10 USC § 841; United States v Jones, 7 USCMA 283, 22 CMR 73. We cannot disturb the determination of the court that a challenge should not be sustained, unless the record demonstrates that its conclusion errs as a matter of law. United States v Deain, 5 USCMA 44, 17 CMR 44; United States v Carver, 6 USCMA 258, 19 CMR 384. We cannot so hold upon this record.

Colonel Giles' voluntary disclosure at best indicates some prior knowledge of the facts surrounding the offenses charged against the accused. At one point, he cryptically indicated that he had not formed "any more opinion than this knowledge would produce." However, he also stated that he "might be able to say . . . at this time" that he could disregard his information concerning the case and, when questioned by the defense counsel, he flatly declared that his oath as a court member bound him to decide the question of accused's guilt or innocence solely on the evidence before the court-martial. He

then added the statement, "Any decision I make would be on evidence presented in this case and for no other reason." Finally, he stated that he would not hesitate to acquit the accused.

The mere fact that a court member has prior knowledge of the circumstances surrounding accused's alleged misconduct does not constitute a ground for challenge against him. United States v Edwards, 4 USCMA 299, 15 CMR 299; United States v Shaffer, 2 USCMA 75, 6 CMR 75; United States v Stewart, 2 USCMA 78, 6 CMR 78. As we stated in United States v Fry, 7 USCMA 682, 23 CMR 146, at page 685:

". . . The touchstone for ineligibility, therefore, is not mere knowledge of the evidence, but the effect that it has. If it produces a conviction of guilt, challenge for cause clearly exists. Manual for Courts-Martial, United States, 1951, paragraph 62*f*(10). United States v Deain, 5 USCMA 44, 17 CMR 44."

Appellate defense counsel concede the accuracy of the foregoing observation but urge that the record before us does not clearly reflect that Colonel Giles would disregard his prior knowledge. We cannot agree. He unequivocally asserted that he would abide by the command of his oath; decide the case only on the facts presented in evidence; and would not hesitate to acquit the accused if the prosecution's evidence did not establish his guilt. In light of these declarations, his earlier equivocal statement that he had only formed such an opinion as his knowledge justified becomes relatively innocuous. Certainly, when viewed in context it is no more than the expression of a transient or light impression of an accused's guilt or innocence which "will not disqualify a juror, if it is plainly demonstrated that . . . [it] will easily yield to the evidence presented in open court." United States v Deain, supra, at page 49.

Moreover, we note that the defense counsel, after the original challenge for cause had been denied, elected to conduct his own *voir dire* examination of Colonel Giles. After obtaining answers which assured him of the member's impartiality, he elected to present no further challenge for cause. Thus, he affirmatively indicated he was finally satisfied with the president's impartiality. Accordingly, we cannot now hold that the court-martial erred, as a matter of law, in rejecting the challenge on the basis of the evidence presented to it. United States v Edwards, supra; United States v Jones, supra.

Finally, we believe that the extreme caution exercised by counsel and the law officer in this case with regard to developing the nature of the facts of which Colonel Giles admittedly had cognizance may have resulted from a misapprehension of our decision in United States v Richard, 7 USCMA 46, 21 CMR 172. There, we concluded that, normally, only the ultimate possible ground of challenge should be revealed by a court member before the other members of the court-martial in order to prevent the disqualification of the entire panel. Our comment was made, however, with respect to the perversion of compulsory disclosure of prior, disqualifying knowledge into "a means of destroying another similar safeguard," *i.e.*, the integrity of the other court members. United States v Richard, supra, at page 51. At no time did we indicate that counsel or law officer should so far forbear from questioning a possible biased member that the other court members will not be possessed of sufficient information to pass upon his impartiality. All connected with the trial process should feel entirely free to question the member involved to the extent that they are entirely satisfied of his qualifications. Otherwise, a perversion of the challenging process opposite to that depicted in the *Richard* case will occur, for both parties will lack opportunity to demonstrate the extent of the member's previous connection with the case.[1]

---

[1] In some cases, this may admittedly place the law officer and counsel in a dilemma, which must be solved through a balancing of the interests involved.

As noted above, however, it is clear beyond cavil that denial of the challenge for cause against Colonel Giles is well supported in this record. Accordingly, we find no error in his continued participation in the trial.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

---

Whether the ultimate disclosure will also require declaration of a mistrial cannot be determined by any hard and fast rule. Compare United States v Richard, supra, with United States v Patrick, 8 USCMA 212, 24 CMR 22. In any event, the law officer ▮ is empowered to examine the member in an out-of-court hearing in order to ascertain whether the challenge procedure or declaration of a mistrial will best serve the ends of justice. It is this situation, as well as other equally important considerations, which led this Court to recommend the enactment of legislation requiring the law officer rather than court members to pass upon challenges for cause. See Annual Report of the United States Court of Military Appeals and The Judge Advocates General of the Armed Forces and the General Counsel of the Department of the Treasury, 1960, page 11. In light of the present case, we strongly reaffirm that recommendation.