## UNITED STATES

### v.

**Airman First Class Daniel J. POTTER, FR 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 36th Organizational Maintenance Squadron United States Air Force Academy.**

### ACM 22022.

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 Nov. 1975.

Decided 9 July 1976.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R.

Houston. Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major John A. Cutts III.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION

LeTARTE, Chief Judge:

Having pleaded not guilty to all charges and specifications, the accused was convicted of four specifications alleging violations of Article 92, 10 U.S.C. § 892, Uniform Code of Military Justice, by wrongfully transferring and possessing methamphetamine, and one specification of wrongfully possessing heroin, contrary to Article 134. He was sentenced to be confined at hard labor for one year, to forfeit all pay and allowances for one year and to be reduced in grade to airman basic.

Appellate defense counsel have assigned two errors for our consideration; however, we perceive no merit in either of these. In light of the sentence adjudged, we are satisfied that the accused could not possibly have been prejudiced by being prosecuted under Article 134, rather than Article 92, for the heroin possession offense. Further, despite some brief periods of inactivity, we find that the Government demonstrated that it acted with reasonable dispatch in bringing the accused to trial. *United States v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973); *United States v. Timmons*, 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973).

We have detected, however, an unassigned issue that warrants discussion. At trial, the defense moved that Specification 2 of Charge I, alleging that the accused wrongfully transferred methamphetamine to Hendrix sometime between 10 and 14 April 1975, be dismissed. The military judge denied the motion after hearing testimony that although Hendrix had been placed on administrative hold as an essential witness in the case, he subsequently had been discharged from the service due to an administrative oversight. In our opinion, however, the Government's negligence re-

sulted in material prejudice to the accused's substantial rights. Furthermore, we find that the negligence affected the findings of guilty of Specifications 1 and 3 of Charge I, as well as Specification 2.[1]

The only evidence introduced in proof of the specifications in issue was the testimony of Sergeant Fox whose credibility was severely impeached by his own admissions. Fox admitted that in addition to his frequent use of methamphetamine, he had used barbiturates, marijuana, cocaine, hashish, opium, LSD and heroin and had sold drugs including marijuana, cocaine, heroin and "some crystals."[2] He also admitted having been addicted to heroin and having smuggled this drug into the United States from Thailand.

In addition, during the period from January until April 1975, Fox was acting as an informant for the Office of Special Investigations (OSI) and had been directed by OSI agents not to use or sell drugs. Yet, he not only violated this directive, but he also lied to these agents and to the base commander, about his use of drugs during this period. For this reason, despite Fox's status as an OSI informant at the time of the offenses, he was given a grant of immunity to testify against the accused.

According to Fox, on 11 April 1975, he was present in Wright's barracks room when the accused sold quantities of methamphetamine to Hendrix and Mallet and, on the following day, when the accused sold some of the drug to Wright. At the pretrial investigation, Hendrix was called as a witness for the defense, and he denied having purchased any drug from the accused during the period from 10 to 14 April, 1975, or having observed the accused sell a drug to Mallet.[3]

In view of the discrepancy in Hendrix's and Fox's testimony, we find that the accused was deprived of his right to have an essential witness in his behalf present at trial. *United States v. Thornton*, 8 U.S.C.M.A. 446, 24 C.M.R. 256 (1957); *United States v. Sweeney*, 14 U.S.C.M.A. 599, 34 C.M.R. 379 (1964). This is especially so when Fox's deplorable credibility is considered. We cannot conclude with certainty that the members of the court would have convicted the accused of any of the offenses which were established solely through Fox's testimony had Hendrix been available as a witness.

Having placed Hendrix on administrative hold and informed defense counsel of this action, the Government was thereafter responsible, in our opinion, for insuring the witness' presence at trial even though no specific request for Hendrix was submitted by the defense. Furthermore, we find no neglect or waiver on defense counsel's part either in failing to request Hendrix as a material witness or in failing to request a continuance at trial in order to obtain Hendrix's testimony. Obviously, the latter course of action would have been futile since the military judge did not possess the power to compel Hendrix to return to Germany to testify. *United States v. Daniels*, 23 U.S.C.M.A. 94, 48 C.M.R. 655 (1974); *United States v. Boone*, 49 C.M.R. 709 (A.C.M.R.1975).

For the reasons stated, the findings of guilty of Specifications 1–3, Charge I, are set aside and ordered dismissed. We find it inappropriate to order a rehearing in this case inasmuch as the accused has already served more than seven months of his sentence to confinement. Reassessing the sentence on the basis of the remaining specifications, which are multiplicious for sentenc-

---

1. Specifications 1 and 3 are similar in all respects to Specification 2 except that the transferees of the drug are alleged as Mallet and Wright, respectively.

2. Described by Fox as "crystal amphetamine" or methamphetamine.

3. Wright and Mallet also testified at the pretrial investigation, but the defense did not interpose an objection to their absence at trial. We note, however, that both individuals denied having purchased any drug from the accused during the alleged period. Wright labeled Fox's testimony a lie, but Mallet refused to answer questions as to whether the accused had *given* him any amphetamine.

ing purposes,[4] we find only so much of the sentence appropriate as provides for confinement at hard labor for ten months, forfeiture of $240.00 per month for ten months and reduction in grade to airman basic.

The findings of guilty and the sentence, both as modified herein, are

Affirmed.

EARLY, Senior Judge, and FORAY, Judge, concur.

---

**4.** *United States v. Hughes*, 1 M.J. 346 (1976).