**UNITED STATES**

v.

**Robert "D" LOWMAN, Jr., 467 76 5113, Aviation Maintenance Administration-man Airman (E–3), U. S. Navy.**

**NCM 76 2518.**

U. S. Navy Court of Military Review.

Sentence Adjudged 15 Sept. 1976.

Decided 15 Feb. 1977.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LT H. S. Pointer, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

GLASGOW, Judge:

Contrary to his plea, the appellant was found guilty of larceny of $120.00 in currency from a shipmate, in violation of Article 121, Uniform Code of Military Justice, and sentenced by a special court-martial, with members, to a bad conduct discharge and hard labor without confinement for 3 months. One previous special court-martial for larceny was considered. The sentence has been approved on review below.

We find no merit in appellant's contention that the trial judge did not, *sua sponte,* excuse detailed court members, Lieutenants C and M, due to their knowledge of appellant's prior court-martial. Aided by a pretrial questionnaire, a thorough *voir dire* examination was made of each court member in question, outside the hearing of the other members.[1] Members C and M revealed some knowledge of appellant's prior court-martial but stated that it would not affect their decision in this trial. Defense counsel removed two detailed members by challenge: Lieutenant Commander S for cause and Lieutenant Mc peremptorily. He then stated that he had no further challenges for cause (R. 37).

In *United States v. Seabrooks,* 48 C.M.R. 471 (N.C.M.R.1974), cited by the appellant, the trial judge excused a member for cause although no challenge had been made by counsel. There, this Court found no prohibition against the action taken by the judge and determined that the judge had acted within his discretion, citing *United States v. Jones,* 7 U.S.C.M.A. 283, 22 C.M.R. 73 (1956). The other cases cited by the appellant in support of his contention do not deal with challenges and are not helpful.

---

1. The five officers detailed as members were from the same squadron as the appellant and were questioned on *voir dire* separate and apart from the other members. The three enlisted men detailed as members were from a different unit and were questioned on *voir dire* together, but separate and apart from the other five members.

The appellant contends that the two members in question were subject to challenge under clause 13 of paragraph 62f, *Manual for Courts-Martial, United States, 1969* (Revised edition), and we agree. However, said paragraph 62 also provides:

*c. Action upon disclosure.* If it appears from any disclosure that the military judge or a member is subject to challenge on any ground stated in clauses (1) through (8) of 62f, and the fact is not disputed, the military judge or member will be excused forthwith. If the military judge is excused or the court is reduced below a quorum, the court will adjourn pending detail of a new military judge or additional members. Except as just stated, no action is required under this subparagraph (62c) with respect to any disclosure that may be made; but proceedings under this paragraph are without prejudice to any rights of challenge on either side.

The appellant could have challenged each of the two members in question for cause and the trial judge would have been required to determine whether they should be excused. However, under the circumstances here, we find no requirement for the trial judge to have excused Lieutenant C or Lieutenant M, *sua sponte,* and no abuse of discretion in permitting them to sit as members of the court-martial.

The findings of guilty and sentence approved on review below are affirmed.

Chief Judge CEDARBURG and Judge BAUM concur.