UNITED STATES

v.

**Senior Airman Robert Edward TIPPIT, FR 498–58–5336 United States Air Force.**

**ACM 22475.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 29 Nov. 1978.

Decided 19 July 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Lieutenant Colonel Larry G. Stephens and Captain Wade B. Morrison.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr. Captain Robert T. Mounts and Colonel Michel Levant, USAFR.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The accused's trial by general court-martial [1] was convened at Royal Air Force Upper Heyford, England. During the trial, challenges to three court members and the securing of testimony of a defense witness who was in the United States were decided adversely to the accused. He now complains that the military judge's rulings were erroneous requiring reversal of his conviction. We will discuss both issues.[2]

---

1. Accused was charged with transferring lysergic acid diethylamide and amphetamine, possessing amphetamine; transferring and possessing hashish, and conspiring to transfer amphetamine and hashish in violation of Articles 92, 134 and 81, respectively, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934, 881.

2. Appellate defense counsel's Motion for Leave to File Supplemental Assignment of Error is denied. The addendum to the review implies that the staff judge advocate evaluated the response to the review made by defense counsel pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), and by simply calling it to the

In their first assignment of error, appellate defense counsel assert that the military judge erred in denying challenges for cause against three court members, where, during voir dire examination, these court members expressed the view that if the accused were convicted of the charges, they would vote for a punitive discharge in the absence of sufficient evidence in extenuation or mitigation.

Each court member, responding to questions by the military judge and trial counsel, said in substance that he had no opinion as to the particular case or toward this accused; that he had no preconceived notion as to what an appropriate punishment might be in this particular case; that he would make a judgment in this case only after having heard the evidence; and that he would disregard anything he might have heard or read about the general situation of drug abuse among American forces in Europe.

Additionally, each court member was asked complex, hypothetical questions as to his possible decision under a particular state of the evidence posited by defense counsel. In these questions, the challenged members were required to suppose that the accused had been convicted of the offenses charged and that the available options for punishment were punitive discharge or no punitive discharge. The court members generally felt that, under those hypothetical circumstances, they would probably vote for a punitive discharge. Defense counsel also asked the court members whether they felt a drug abuser had any value to the Air Force. The members said they generally thought such persons had little or no value to the military, but that they would reserve judgment on the particular accused.

▮ It is beyond dispute that court members must be disqualified when they harbor inelastic preconceived attitudes toward sentencing based solely on the nature of the crime charged. *United States v.*

*Cosgrove,* 1 M.J. 199 (C.M.A.1975); *United States v. Karnes,* 1 M.J. 92 (C.M.A.1975); *United States v. Cleveland,* 15 U.S.C.M.A. 213, 35 C.M.R. 185 (1965); *United States v. Goodman,* 3 M.J. 1106 (N.C.M.R.1977); *United States v. Bann,* 50 C.M.R. 384 (A.F.C.M.R.1975). However, a "general or abstract bias against particular classes of offenses or persons is not necessarily disqualifying." *United States v. Deain,* 5 U.S.C.M.A. 44, 17 C.M.R. 44, 49 (1954). The test of a court member's competence is "whether he is mentally free to render an impartial finding and sentence based on the law and the evidence." *United States v. Parker,* 6 U.S.C.M.A. 274, 19 C.M.R. 400, 410 (1955). Where a court member has expressed such an abstract or transient opinion, it is sufficient if he can lay aside that opinion and render a verdict based on the evidence presented in court. *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), reh. den., 434 U.S. 882, 98 S.Ct. 246, 54 L.Ed.2d 166 (1977); *United States v. Deain,* supra.

The answers given by the challenged court members in this case did not in any way reflect an "inelastic attitude" toward the sentence. Their opinions in response to defense counsel's complicated and contrived hypotheticals reflected the common and reasonable notion that drug abusers are detrimental to the military. Such a notion is merely an "abstract bias" against a class of offenses and a class of persons. The challenged members indicated expressly numerous times that they held no predisposition as to the case for which they had been appointed or toward the accused in that case. The challenged members were indicating by their responses, that in the supposed situations created by defense counsel, they favored the enforcement of the law including, if warranted, the full range of punishments. Such a desire did not render the challenged members incompetent to reach an impartial finding or sentence as to

attention of the convening authority had determined that it required no additional comment.

Air Force Manual 111–1, para. 7–4, 15 November 1978.

the actual facts presented during the trial. See *United States v. Carver*, 6 U.S.C.M.A. 258, 19 C.M.R. 384 (1955).

■ A challenge for cause against a court member is addressed to the sound discretion of the military judge, and his determination will not be disturbed on appeal absent an abuse of discretion. *United States v. Fort*, 16 U.S.C.M.A. 86, 36 C.M.R. 242 (1966); *United States v. Talbott*, 12 U.S.C.M.A. 446, 31 C.M.R. 32 (1961); *United States v. Bann*, supra; *United States v. Wright*, 47 C.M.R. 637 (A.F.C.M.R.1973). Here the military judge determined the challenges for cause based on his observation of the demeanor of the court members as well as their answers. He expressed the opinion that he was satisfied none of the challenged court members harbored attitudes which were inelastic and that each had the mental freedom to render impartial findings and sentence based on the law and evidence presented. *Reynolds v. United States*, 98 U.S. 145, 25 L.Ed. 244 (1878); *United States v. Parker*, supra. We find the military judge did not abuse his discretion in refusing to dismiss the challenged court members.[3]

Appellate defense counsel also allege that the military judge erred in refusing to grant a change of venue, which resulted in a denial of the accused's right to compulsory process for obtaining a defense witness, Mr. Paul Cornwell.

Mr. Cornwell had been a member of the United States Air Force and had been stationed in England where this case was being tried. Before trial the government had assisted the defense in contacting the witness and was prepared to bring him to England to testify for the defense. How-

ever, as the time for the trial approached, he declined to voluntarily return to England because he did not wish to be absent from his job for an extended period of time.

■ During the Article 39(a) 10 U.S.C. § 839(a) session, the military judge stated that the expected testimony of "Cornwell is material to the defense and if it were within my power to order his production I would certainly do so. Unfortunately, I recognize there are limitations on the court to order a United States citizen residing in the United States to travel overseas." Although he believed the accused was entitled to have Cornwell as a witness, he balanced this against the problems of moving the trial back to the States and overruled the motion for a change of venue. Since the parties were in agreement as to how Cornwell would testify, he then refused to order a deposition and encouraged the defense counsel to present Cornwell's testimony by stipulation. With no other means to present the testimony than by stipulation, defense counsel agreed to enter into what he characterized as a "compelled stipulation."[4]

■ Subject to certain other factors, a witness shown to be material must be produced or the proceeding cannot continue. *United States v. Carpenter*, 1 M.J. 384 (C.M.A.1976); *United States v. Daniels*, 23 U.S.C.M.A. 94, 48 C.M.R. 655 (1974). *See also United States v. Sweeney*, 14 U.S.C.M.A. 599, 34 C.M.R. 379 (1964) and *United States v. Tangpuz*, 5 M.J. 426 (C.M.A.1978). However, it is established that a court-martial in a foreign country cannot compel the attendance of a civilian witness residing in the United States.[5] *United States v. Potter*, 1

---

3. It is noted that the military judge did sustain challenges against ten officers appointed to the court who he believed held preconceived ideas as to what punishment should be adjudged.

4. A compelled stipulation of testimony is not an adequate substitute for the personal appearance of a material witness. *United States v. Carpenter*, 1 M.J. 384 (C.M.A.1976); *United States v. Sweeney*, 14 U.S.C.M.A. 599, 34 C.M.R. 379 (1964); *United States v. Thornton*, 8 U.S.C.M.A. 446, 24 C.M.R. 256 (1957). But

see *United States v. Scott*, 5 M.J. 431 (C.M.A. 1978), where the Court said that upon a showing of materiality the trial judge must determine if the actual presence of the witness is required or whether justice may be guaranteed by some judicially accepted alternate form of testimony.

5. In *United States v. Daniels*, 23 U.S.C.M.A. 94, 48 C.M.R. 655 (1974), Judge Ferguson indicates that a military judge might grant a change of venue to secure testimony of a witness who is

M.J. 897 (A.F.C.M.R.1976); *United States v. Boone*, 49 C.M.R. 709 (A.C.M.R.1975).

■ To allow a trial to continue to conviction and sentencing in the absence of a material witness who is beyond the process of the court-martial is not error unless the accused is prejudiced thereby. *United States v. Daniels* and *United States v. Boone*, supra. Where evidence in the record demonstrates beyond a reasonable doubt that the testimony of the witness would not have tipped the balance in favor of the accused, there is no prejudice. *United States v. Lucas*, 5 M.J. 167 (C.M.A.1978). See also *United States v. Tangpuz*, supra, and *United States v. Stewart*, 4 M.J. 569 (A.C.M.R.1977).

Having the stipulation of Cornwell's testimony in the record, we are able to determine the relevance of his testimony as to each offense charged and weigh any prejudice to the accused in respect to that offense. *United States v. Potter* and *United States v. Lucas*, both supra. His testimony primarily concerns events occurring between the accused and the informant relating to the transfer of lysergic acid diethylamide (LSD) and hashish on 3 March 1978, offenses as to which the accused was acquitted. The accused's acquittal of these offenses moots any prejudice arising from the failure of the witness to personally appear, except to the extent his testimony describing the informant as the supplier rather than the accused, may have effected the credibility of the informant in relation to the remaining offenses.

Two offenses involve possession of amphetamine and hashish on 20 March 1978. These drugs were discovered on the person of the accused when he was searched subsequent to his apprehension. The testimony of the informant did not concern these offenses. Therefore, his credibility would be of no consequence to the court's findings of guilty as to these offenses.

■ As to the remaining offenses, transfer and conspiracy to transfer amphet-

amine and hashish, the credibility of the informant is a matter to be considered; therefore, we must weigh the materiality of Cornwell's testimony and its relevance to the guilt or innocence of the accused with the other evidence in the record. Unquestionably, the informant's credibility is deplorable. This was well established by cross-examination of the informant, the testimony of a defense witness, and the testimony of the government investigator who had apprehended the informant and then enlisted his assistance. To this extent Cornwell's testimony as to the informant's credibility would have been merely cumulative and added nothing to the accused's case. *United States v. Tangpuz* and *United States v. Boone*, both supra. Tape recordings made by the investigators of conversations between the accused, his partner and the informant relating to the offenses in issue were also properly introduced into evidence. They clearly show the accused's role in the offenses as to the transfer and describe the location of the drugs that were transferred. These drugs were recovered by the investigators at the described location. The evidence of the accused's guilt is overwhelming and we are convinced beyond a reasonable doubt that the testimony of Cornwell would not have tipped the balance in favor of the accused. Under the facts of this case we find there is no reasonable possibility of prejudice to the accused stemming from the government's failure to provide the defense witness. *United States v. Lucas* and *United States v. Boone*, both supra.

The remaining errors assigned by appellate defense counsel are without merit or were adequately discussed by the staff judge advocate in his review and properly resolved adversely to the accused. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and HERMAN and ORSER, Judges, concur.

---

beyond the process of the court-martial at the place it was convened. 48 C.M.R. at 657, citing *United States v. Nivens*, 20 U.S.C.M.A. 420, 45 C.M.R. 194 (1972).