UNITED STATES

v.

Sergeant Stephen M. POLLACK, FR 091–46–0936, United States Air Force.

ACM 22493 (f rev).

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 Dec. 1978.

Decided 18 April 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter and Major Robert T. Mounts.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

MAHONEY, Judge:

Contrary to his pleas the accused was convicted by a general court-martial with members of one specification of wrongful transfer of 21 grams of amphetamine and one specification of blackmarketing stereo equipment, both in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The adjudged and approved sentence extends to confinement at hard labor for one year, six months; total forfeiture of all pay and allowances for 18 months; and reduction to airman basic.[1]

■ In two separate errors appellate defense counsel claim that the blackmarketing regulation contained an exception which was neither negated by the Government proof, nor instructed upon by the military judge, citing *United States v. Verdi*, 5 M.J. 330 (C.M.A.1978). We find no error. In pertinent part, the regulation of which the accused stands convicted states:

3. *Prohibitions.* Except as may be otherwise specifically authorized by regulation or other directive, the following acts are prohibited:

a. Selling trading, transferring, giving, lending, or otherwise disposing of personal property imported or acquired free of foreign customs taxes or import duties to any individual or agency not authorized to import or acquire such property free of tax or duty.

United States Air Forces in Europe Regulation 30–36, Disposal of Duty-Free Property (15 September 1976).

While the quoted prohibition does contain the word "except," a literal reading of the regulation discloses that it neither constitutes an exception to the proscribed conduct, nor indicates that such an exception exists elsewhere. As we interpret the language, it merely indicates that *if* such an exemption exists it should be construed as having priority over the proscription.

Appellate defense counsel contend, in effect, that because the Government has access to all Government regulations and directives, the burden is upon the Government to explicitly negate the possibility that such an exemption may exist. To do so, of course, would not merely involve negating the possibility that the accused was in an excepted class, *United States v. Verdi, supra,* but also proving the extent or nonexistence of an excepted class. Thus the Government, in the case at bar, would be faced with the prodigious and totally unreasonable task of producing, as a part of its proof and without regard to contents, every regulation or other directive promulgated by the Commander of United States Air Forces in Europe, and higher authority of the United States, not necessarily limited to the Department of the Air Force. Such result would constitute a clear and unwarranted extension of the principle announced by the United States Court of Military Appeals in *Verdi.*

1. In our previous unreported decision (A.C.M. 22493, 13 August 1979), we set aside the action of the convening authority because the defense counsel, who was returning to the United States for separation from the service, was erroneously denied a reasonable extension of time to submit his rebuttal to the review of the staff judge advocate. The convening authority's action was taken on the 89th day of post-trial confinement, apparently to comply with the mandate of *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). Before again acting on the case, the convening authority had before him the rebuttal of the defense counsel, and a response by the staff judge advocate in the form of an addendum to the original review. Since the case is now properly before us, we turn to the remaining errors assigned by appellate defense counsel.

If there existed an exception to the proscription of which the accused stands convicted, we are confident that the accused's lawyers had the means and ability to discover it and bring it to the attention of the trial court.[2] Only at that point, following the *Verdi* rationale, would the prosecution have the burden to establish that the accused's conduct did not fall within the exception(s).

In two other assigned errors appellate defense counsel claim that the military judge abused his discretion by failing to sustain challenges for cause against two court members. We disagree.

Individual voir dire of the two challenged members indicated that each was acquainted with an Air Force Office of Special Investigations Agent who testified as a prosecution witness. Both members had experienced routine duty contact with the witness, and each had formed an opinion that he was a truthful individual. One of these members indicated that the intelligence information provided to him by the witness had been incorrect as often as not; that he would compare and weigh the witness' testimony with other evidence presented at trial; and that he would give the witness a "fair shake." The other member indicated that he would have no difficulty in setting aside his opinion of the witness' truthfulness if he were called upon to weigh that testimony against other testimony in the trial. Both members stated they would follow the military judge's instructions, and the military judge properly instructed the members on witness credibility.

The witness in question testified twice at trial, both times briefly, concerning his receipt and handling of a plastic bag containing the 24 packets of amphetamine from an informant; his taking of fingerprints from the accused and two informants; and the transmission of all such evidence to the laboratory for analysis. Most of the agent's testimony was corroborated by a stipulation of fact, and his credibility was not attacked.

■ It is not uncommon in the relatively small community of a military installation for one or more court members to have duty or social relations with prospective witnesses. In exercising his or her discretion in ruling upon challenges lodged against such members, the military judge must consider all the circumstances, including the significance of the expected testimony; the duration and nature of the relationship between the court member and the witness; whether the credibility of the witness will be in direct issue; the stated strength of the member's opinion, if any, concerning the witness' veracity; whether such opinion is one of truthfulness or lack of truthfulness; and the sincerity and reasonableness of the member's claimed ability, if any, to set aside the opinion in determining the facts of the case.

In *State v. Jackson*, 43 N.J. 148, 203 A.2d 1, 11 A.L.R.3d 841 (1964), cert. denied, 379 U.S. 982, 85 S.Ct. 690, 13 L.Ed.2d 572 (1965), the juror and witness were close friends for over 20 years; the witness was important to the prosecution case; and his credibility was under direct attack. In holding that the trial court abused its discretion in denying the challenge, the New Jersey Supreme Court found that the juror's denial that his relationship with the witness would have a bearing upon the weight he attached to the witness' testimony was (regardless of its sincerity) so far contrary to human nature as to require reversal. In *United States v. Waldron*, 15 U.S.C.M.A. 628, 36 C.M.R. 126 (1966), the Court of Military Appeals held that the requisites for challenge for cause were met where the members held inflexible opinions that the key prosecution witness was untruthful.

■ We find the facts in the instant case to be more closely akin to those in *Gammel v. State*, 259 Ark. 96, 531 S.W.2d 474 (1976), where the juror's relationship with the tes-

---

2. The trial counsel in Air Force Courts-Martial is required both ethically and by regulation to bring such exceptions to the attention of the court. Air Force Manual 111-1, Military Justice Guide (2 July 1973) para. 1-12; ABA Standards, The Prosecution Function, Sections 1.1(c) and 2.8(a) (1971).

tifying police officer was not of such nature or duration as to make unreasonable his statement that he would abide by and apply the court's instruction on credibility of witnesses, despite his assertion that the witness was an honest man whom he would tend to believe. Moreover, in terms of significance of the testimony given, the witness in the case at bar was no more significant than the police photographer known by a juror in *State v. McLain,* 256 Iowa 175, 125 N.W.2d 764 (1964). Thus, we are satisfied that the trial judge, having personally heard and observed the challenged court members, did not abuse his discretion in denying the challenges. *United States v. Fort,* 16 U.S.C. M.A. 86, 36 C.M.R. 242 (1966); *United States v. Talbott,* 12 U.S.C.M.A. 446, 31 C.M.R. 32 (1961); *United States v. Tippit,* 7 M.J. 908 (A.F.C.M.R.1979).

We have considered the remaining errors assigned by appellate defense counsel and have resolved them adversely to the accused. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and POWELL, Judge, concur.