### UNITED STATES

v.

**Staff Sergeant Steven RHODES, FR 085–46–9753, United States Air Force.**

**ACM S25617.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 17 Dec. 1981.

Decided 16 Nov. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant Colonel Andrew J. Adams, Jr., and Major George D. Cato.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge.

Contrary to his pleas, the accused was convicted by a court composed of members of the offenses of sale and use of hashish in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. 934. He was acquitted of an offense of use of hashish on a separate occasion. He was sentenced to a bad conduct discharge, confinement at hard labor for four months, forfeiture of $367.00 per month for four months, and reduction to airman basic.

This court specified the following issue:

DID THE MILITARY JUDGE ABUSE HIS DISCRETION BY REFUSING TO GRANT A CONTINUANCE BECAUSE OF THE ABSENCE OF TECHNICAL SERGEANT JOHN MAYS, A DEFENSE REQUESTED WITNESS?

We find that he did abuse his discretion and we therefore reverse. A recital of the facts of the case is necessary in order to properly consider this question. As part of the Air Force Office of Special Investigations inquiry into the drug activity on Torrejon Air Base, Spain, O.S.I. agents sought to determine whether or not the accused was a seller of drugs. Two O.S.I. informants, Walls and Chatman, were targeted against the accused. On 4 June 1981, Walls and Chatman were provided with $60.00 by the O.S.I. and were driven to the vicinity of the accused's apartment by an agent. The agent had previously searched the two and they were not in possession of any drugs or other money. An O.S.I. agent observed the two enter the accused's apartment building

and then exit sometime later. At a debriefing, the two informants turned over three small packets of hashish and $15.00 to the O.S.I. A search of the two revealed nothing further. On 9 June 1981, Walls was sent to the accused's house in an attempt to buy drugs; however, he was unsuccessful. Finally, on 19 June 1981, both Walls and Chatman were sent to buy drugs from the accused using the same scenario; once more, they were unsuccessful. On each of the last two occasions, although they were unable to purchase drugs, the informants reported that they observed the accused smoke hashish. These three events form the basis for Specifications one, two and three of the Charge.

Both informants and the controlling O.S.I. agent testified at trial. Each was cross-examined vigorously, and the defense attempted to impeach the credibility of the informants by casting doubts as to their motives. The defense inferred that they were lying in order to protect themselves. The defense also presented a basic alibi defense through the testimony of the accused and four witnesses. Each testified that at the times alleged, the accused was not at home, but was at a band practice on both 4 and 9 June and working at a local disco on 19 June. Thus, the basic defense strategy was to cast doubt on the testimony of the informants while showing the accused wasn't at the alleged scene of the crime. The attempt to show the informants had a motive to lie was completely interwoven with the alibi defense, and was crucial to the defense strategy. Any witness who could testify as to the credibility of the informants was obviously material.

Prior to trial, the defense had requested the presence of Technical Sergeant John Mays as a material defense witness on the merits. His materiality was apparently established to the satisfaction of the prosecution, because TSgt Mays was ordered TDY from his base in England to Torrejon Air Base to testify at trial. TSgt Mays arrived, consulted with counsel for both sides, and was apparently ready to testify. A few days later, when he was called to testify, he had unexplainedly departed the area. The

military judge ordered an inquiry into the absent witness' whereabouts, and delayed the case for a short period. It was determined by trial counsel that the witness had departed Spain and had returned to his base in England. There was no real showing of why the witness had departed prior to testifying, although the defense claimed it was because he had been "scared by the prosecution." The defense moved for a continuance so as to have the live testimony of the witness. The military judge attempted to have the parties stipulate as to the testimony, however, the prosecution would not agree with the defense's offer of the expected testimony. The military judge denied the continuance, citing Rule 104(a) of the Military Rules of Evidence. He attached the offer of proof from the defense to the record as an appellate exhibit. The offer of the defense was that TSgt Mays would state: that he was the supervisor of Airman Chatman, that Chatman told him that he had been asked by the OSI to help them get the accused but he was undecided, that Chatman told him he would do anything to save himself, and finally, Chatman told him he had decided to work with the O.S.I.

We hold that the military judge erred to the prejudice of the accused by failing to grant a continuance in this case. The right of an accused to compel the attendance of witnesses who, it is believed, may offer proof to negate the government's evidence or support the defense is one constitutionally and statutorily protected. *United States v. Iturralde-Aponte,* 1 M.J. 196 (C.M.A.1975). Sixth Amendment, United States Constitution; Article 46, Uniform Code of Military Justice, 10 U.S.C. § 846. This right is not absolute and involves a consideration of the relevancy and materiality of the expected testimony. *United States v. Carpenter,* 1 M.J. 384 (C.M.A. 1976). Once materiality has been established, the government must either produce the witness or abate the proceedings. *United States v. Carpenter, supra; United States v. Daniels,* 23 U.S.C.M.A. 94, 48 C.M.R. 655 (1974). Inconvenience to the service that must produce the witness be-

fore the court is not a valid consideration. *United States v. Willis,* 3 M.J. 94 (C.M.A. 1977). A compelled stipulation of testimony is not an acceptable substitute for the personal appearance of a material witness. *United States v. Tippit,* 7 M.J. 908 (A.F.C. M.R.1979). The Court of Military Appeals has articulated the considerations involved regarding the defense right to secure witnesses in *United States v. Tangpuz,* 5 M.J. 426, 429 (C.M.A.1978). The court stated at page 429:

> The court has never fashioned an inelastic rule to determine whether an accused is entitled to the personal attendance of a witness. It has, however, identified some relevant factors, such as: the issues involved in the case and the importance of the requested witness to those issues; whether the witness is desired on the merits or the sentencing portion of the trial; whether the witness' testimony would be merely cumulative; and the availability of alternatives to the personal appearance of the witness, such as deposition, interrogatories or previous testimony. The foregoing is not meant to be exhaustive, nor can any one factor be identified as necessarily determinative of the issue. Rather, the matter must be left to the sound discretion of the person ruling on the request for the personal attendance of the witness. If adverse to the accused, the ruling is subject to review and reversal if there has been an abuse of discretion.

The Court has held that where the evidence of record demonstrates beyond a reasonable doubt that the unadmitted testimony would not have tipped the balance in favor of the accused and the evidence of guilt is so strong as to show no reasonable possibility of prejudice to the accused, reversal is not mandated. *United States v. Lucas,* 5 M.J. 167 (C.M.A.1978).

With the above background, a closer scrutiny of the evidence at trial is necessary to evaluate the materiality of TSgt Mays' testimony. The accused was charged with three drug involvements. The first was a sale of hashish on 4 June. This was testi-

fied to by both Walls and Chatman. The second was a use of hashish, testified to only by Walls. Finally, he was charged with use of hashish on 19 June. This last offense was testified to by both Walls and Chatman. The accused denied all three involvements. The court acquitted the accused of use of hashish on 9 June. In so doing the court must have disbelieved Walls, since he testified unequivocally that the violation had occurred. It is logical to assume that the court convicted the accused on the other two specifications based largely on the testimony of Chatman. Therefore any evidence which could cast doubt on the credibility of Chatman would obviously be material.

■ If the testimony of an absent witness is material so that there is a reasonable likelihood that it could have affected the judgment of the court, then the judgment must be reversed by an appellate court. *United States v. Hampton,* 7 M.J. 284 (C.M.A.1979). We believe that the trial court may have decided the case differently had they the opportunity to hear Mays' testimony. Here the government provided the witness at the situs of the trial, however he did not testify. He was not excused by the defense, nor was he authorized to leave by the prosecution. We hold that the government has not met its burden of providing material witnesses for the defense. TSgt Mays is a career noncommissioned officer subject to proper orders from his superiors. He departed the area without the consent of the defense. We are not prepared to ascribe improper motives to the prosecution, however, neither are we prepared to hold the accused responsible for the government's inability, for whatever reason, to account for an active duty noncommissioned officer in the United States Air Force. *United States v. Bright,* 9 M.J. 789 (A.C.M. R.1980). Having made the witness available, the government was still responsible for insuring the witness' presence at trial. *United States v. Potter,* 1 M.J. 897 (A.F.C. M.R.1979). To hold otherwise would make a mockery of the accused's right to secure material witnesses for the defense of his case.

Because of our decision on the specified issue, we need not address the issues raised by the appellant in his assignment of errors, or those raised by the trial defense counsel in his Article 38(c), 10 U.S.C. § 838(c), U.C.M.J. brief.

We find that the military judge abused his discretion by refusing to grant the defense motion for a continuance so that the absent witness could be returned in order to testify at the trial. The findings of guilty and the sentence are set aside. A rehearing may be ordered.

HEMINGWAY, Senior Judge and RAICHLE, Judge, concurs.