UNITED STATES, Appellant

v.

PAUL D. SHAFFER, Private First Class, U. S. Army, Appellee

2 USCMA 75, 6 CMR 75

No. 672*

Decided December 15, 1952

LT. COL. Thayer Chapman, U. S. Army, and 1ST LT. Richard L. Brown, U. S. Army, for Appellant.

LT. COL. Stewart H. Legendre, U. S. Army, and 1ST LT. Bernard Landman, Jr., U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Accused was convicted by general court-martial of larceny of property of a value in excess of $50.00, in violation of the Uniform Code of Military Justice, Article 121, 50 USC § 715. This conviction was approved by the convening authority, but has been reversed by a board of review in the office of The Judge Advocate General, United States Army. This reversal provided the basis for the following question, certified to this Court by the Acting Judge Advocate General:

"Was the ruling of the law officer in accepting the open session action of the court as a vote not to sustain a challenge for cause in lieu of requiring the procedure outlined in the Manual for Courts-Martial, 1951, an error of law which materially prejudiced the substantial rights of the accused?"

The certified question is the product of the following sequence of events. First Lieutenant William H. Silber was a member of the court-martial to which the instant charge and specification were referred for trial. Inquiry by defense counsel elicited the information that he was familiar with some of the facts of the case through reading briefly the CID report of the incident on which the charges were based. Lieutenant Silber stated during examination that, although he had conducted no investigation into the incident, he was a personnel officer, and that "all CID reports are processed through my section, and

it is just a mere routine reading of all CID reports to see that they are administratively correct before they go forward to the Commanding General." He further stated that he rarely paid "any attention to the conclusions of the CID agent," and that he did not remember the recommendations contained in the present report. He indicated in addition that he had formed no opinion in the case, and that he could render a fair and impartial decision therein. Despite his protestation of impartiality, defense counsel sought to challenge this officer for cause, whereupon the following colloquy ensued:

"LO: Subject to objection by any member of the court, the challenge by the defense counsel is overruled and Lt. Silber is detained by the court. Is there any objection by the court?

LT. COL. BERENDT [President]: Apparently not.

TC: Does the accused wish to exercise his right to one peremptory challenge against any member?

DC: The accused would like to challenge Lt. Silber peremptorily.

LO: Lt. Silber, you will be excused from the court."

This "ruling" by the law officer denying the challenge for cause constituted a clear violation of the express provisions of the Uniform Code of Military Justice and Manual for Courts-Martial, United States, 1951, to the effect that the propriety of challenges for cause shall be determined by the court in

---

* For decision on further review pursuant to mandate of USCMA, see CM 350519, Shaffer, 6 CMR 440.

closed session, by secret written ballot, and in the absence of the law officer and the challenged member. Uniform Code of Military Justice, Articles 41(a), 51 (a), 50 USC §§ 616, 626; Manual for Courts-Martial, United States, 1951, paragraph 62h(3). As such, it falls squarely within the following language used in United States v. Lucas (No. 7), 1 USCMA 19, 1 CMR 19, decided November 8, 1951:

"When Congress requires a particular procedure there can be no question but that the court should follow it to the letter. We are thus constrained again to hold that an error of law was committed by the court. . . ."

However, we also said in the Lucas case:

". . . . Conceding the error, we are unable to escape the express mandate from Congress that we should not reverse except for an error materially prejudicing the substantial rights of the accused."

Examining the record to determine the presence of fair risk of material prejudice to the substantial rights of the accused, we learn that, as a result of the subsequent exercise by defense counsel of a peremptory challenge as to Lieutenant Silber, the court was reduced to less than five members. The proceedings were thereupon adjourned to permit the convening authority to name an additional member to the court. A Lieutenant Colonel Hague was thereafter named in due course, was accepted by defense without objection, and the trial proceeded to findings and sentence. Following the addition of the new member, defense counsel announced that "The accused has no challenges for cause and no peremptory challenge." In fact at no time whatever has defense counsel expressed any sort of dissatisfaction with any member of the court which finally sat in judgment upon accused.

We have indeed held that usurpation by one court functionary of the duties of another may require reversal. United States v. Berry (No. 69), 1 USCMA 235, 2 CMR 141, decided March 18, 1952. However, it is to be observed that in Berry the infirmity concerned consisted of the usurpation—not in an isolated instance, but repeatedly—of the functions of the law officer by the president of the court, an official—as we expressly recognized there—much more directly a representative of command. For the reasons suggested, we concluded that the error manifestly involved a structural member of the military justice edifice and dictated an invocation of the doctrine of general prejudice. In the Berry case we specifically recognized the important difference between the situation there involved, on the one hand, and a mere procedural irregularity, on the other, and said, in fact, that "Isolated and minor examples of this nature do not concern us greatly." We believe that in the instant case we are dealing only with an isolated misstep taken in the course of trial, and we are therefore constrained to measure for specific prejudice. Searching, we find none. In the record of this trial there is no hint of material injury to substantial rights. The officer defense counsel sought to avoid by challenge for cause was in fact excused through exercise of a peremptory challenge. Defense has not at all contended that its cause was embarrassed or prejudiced by the fact that it was required to exercise its single peremptory challenge. One who asks reversal by this Court for an error of the character presented here must make at least a showing of fair risk of prejudice. See United States v. Evans and Parker (No. 457), 1 USCMA 541, 4 CMR 133, decided August 8, 1952. This has not been done.

In concluding, it should be said that we recognize no basis for questioning the essential soundness of the "ruling" of the law officer on the challenge "apparently" concurred in by the court's members. In other words, had an identical conclusion been reached by the trial court in accordance with the procedures set up in the Uniform Code of Military Justice and Manual for Courts-Martial, 1951, we could have found no basis for objection thereto.

The certified question is accordingly answered in the negative, and the de-

cision of the board of review is reversed.

Chief Judge QUINN and Judge LATIMER concur.