UNITED STATES, Appellant and Cross-Appellee

v.

BILLY A. STEWART, Private First Class, U. S. Army,
Appellee and Cross-Appellant

2 USCMA 78, 6 CMR 78

No. 656*

Decided December 15, 1952

LT. COL. Thayer Chapman, U. S. Army, and 1ST LT. Richard L. Brown, U. S. Army, for Appellant and Cross-Appellee.

LT. COL. Stewart H. Legendre, U. S. Army, and 1ST LT. Bernard Landman, Jr., U. S. Army, for Appellee and Cross-Appellant.

Opinion of the Court

PAUL W. BROSMAN, Judge:

The accused in this case was convicted by general court-martial convened at

Bad Nauheim, Germany, under a specification alleging that he "did, on or about 26 November 1951 . . . by

* For decision on further review pursuant to mandate of USCMA, see CM 351071, Stewart, 6 CMR 438.

means of force and violence and putting him in fear steal from the person of Corporal Paul O. Scales, against his will, the sum of $540.00 in Military Payment Certificates and two hundred forty Deutsche Marks"—this in violation of the Uniform Code of Military Justice, Article 122, 50 USC § 716. His conviction was approved by the convening authority but reversed by a board of review. This reversal has resulted in the certification of the following question to this Court by the Acting Judge Advocate General, United States Army:

"Was the ruling of the law officer in accepting the open session action of the court as a vote not to sustain a challenge for cause in lieu of requiring the procedure outlined in the Manual for Courts-Martial, 1951, an error of law which materially prejudiced the substantial rights of the accused?"

A petition for review submitted by accused was also granted by us, limited, however, to this certified question. In United States v. Shaffer (No. 672), 2 USCMA 75, 6 CMR 75, decided this date, we passed on the same general problem cast in a somewhat different factual mold. As presented in the instant case, the question arose as follows. One of the members of the court-martial, a Major Shauck, was examined by defense counsel with a view to possible challenge. Interrogation disclosed that the major was attached to Military Police Headquarters, V Corps, where reports of serious "incidents" were received and "discussed." He acknowledged that he might have read a report of the events resulting in the trial of accused, but that he did not remember the names of personnel connected therewith. He conceded that he recalled the matter vaguely, that he did remember a report of the incident, and that such a document had indeed been received in his office. At this point defense counsel sought to challenge the major for cause. The Government thereafter questioned the officer, and elicited from him statements to the effect that he had formed no opinion concerning the guilt or innocence of accused, and that he felt he could serve fairly as a member of the court and render a finding on the basis of the law and the evidence. Defense, resuming the examination, then drew from the major an admission that the evidence adduced at the trial might well serve to refresh his recollection of events recalled only indistinctly at the time of questioning. Thereupon, defense renewed its challenge for cause, and the following colloquy ensued:

"LAW OFFICER: The law officer does not feel that there has been a showing where Major Shauck should be excused from the court. However, if it is the desire of the court to take a vote, such action may be taken, and should be taken at this time.

PRESIDENT: Does any member of the court desire to deliberate in closed session?

LAW OFFICER: Let the record indicate that no members of the court indicated a desire to deliberate in closed session on the challenge for cause against Major Shauck."

. . . . . . . . . .

"DEFENSE COUNSEL: The defense challenges Major Hilburn [another member of the court] peremptorily.

"LAW OFFICER: Major Hilburn will be excused."

As in Shaffer, the expression of opinion by the law officer reported above, together with his casual and incidental reference of the challenge to the court's consideration, was clear error, and constituted a distinct violation of the express provisions of the Uniform Code of Military Justice and Manual for Courts-Martial, United States, 1951, to the effect that the propriety of challenges for cause shall be determined *by the court*, in closed session, by secret written ballot, and in the absence of the law officer and the challenged member. Uniform Code of Military Justice, Articles 41(a), 51(a), 50 USC §§ 616, 626; Manual for Courts-Martial, United States, 1951, paragraph 62h(3); United States v. Shaffer, supra. The Government concedes error, but argues that there was no material prejudice to the substantial rights of the accused. In this posture of the case, it is incumbent upon us to explore the record for specific prejudice. United States v.

Lucas (No. 7), 1 USCMA 19, 1 CMR 19, decided November 8, 1951.

It must be observed at the outset that there is a discernible difference between the factual situation in the instant case and that reflected in United States v. Shaffer, supra. In the latter, the officer, to whom objection existed in the view of defense, was removed from the court by peremptory challenge, and there was no indication whatever by defense counsel, or otherwise, that the cause of accused was embarrassed in any was through exercise of his lone peremptory challenge. Here, however, the defense utilized its peremptory challenge to excuse, not the officer it had sought to avoid for cause, but an entirely different member of the court. Therefore, in the case at bar the officer originally challenged remained a member and participated in the court's deliberations, findings, and sentence. We are convinced, however, that this point of distinction does not necessarily require a different result.

From the tenor of his questions directed to Major Shauck it was evident that defense counsel's object was the removal of the challenged officer under the provisions of paragraph 62f(10) of the Manual, supra, in that "he [had] formed or expressed a positive and definite opinion as to the guilt or innocence of the accused as to any offense charged." However, it was also manifest from the major's testimony that he had formed no such opinion. We regard the action of the president of the court in inquiring whether any member wished to retire to deliberate on the question raised by defense counsel in his challenge, together with the negative response thereto, as amounting in substance to a spontaneous agreement that the point was obviously and wholly without merit. Although, as we have already suggested, that procedure was erroneous, we cannot conclude that accused was thereby materially prejudiced in his substantial rights.

This conclusion is, by no means, to be construed as implying an approval on the part of this Court of the procedure followed below. Indeed, the law officer should *not* have ventured his opinion on the merits of the challenge entered by defense, and certainly the court *should* have complied fully with the procedure set out in the Uniform Code of Military Justice and Manual for Courts-Martial, United States, 1951. Nevertheless, viewing the error through the spectacles of the present case's facts, we cannot see that it could have operated to impose on the accused a fair risk of material prejudice. To hold otherwise would be to place a premium on mere form.

The certified question is accordingly answered in the negative, and the decision of the board of review is reversed.

Chief Judge QUINN and Judge LATIMER concur.