UNITED STATES, Appellee

v

WILEY McDONALD, Jr., Private, U. S. Marine
Corps, Appellant

11 USCMA 506, 29 CMR 322

No. 13,716

Decided June 3, 1960

*Lieutenant (jg) Martin Drobac,* USNR, was on the brief for Appellant, Accused.

*Lieutenant Colonel J. E. Stauffer,* USMC, was on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused was convicted by special court-martial for three unauthorized absences, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, and one specification of disrespect toward his superior noncommissioned officer, contrary to Article 91 of the Code, 10 USC § 891. He was sentenced to bad-conduct discharge, forfeiture of $70.00 per month for six months, and confinement at hard labor for that same period. The convening authority approved except that he suspended execution of the punitive discharge with provision for automatic remission. Thereafter, the officer exercising general court-martial jurisdic-

tion approved, and a board of review in the office of The Judge Advocate General of the Navy affirmed. We granted accused's petition for review on the single following issue:

"Whether the president was present and/or participated in the closed session during the voting on the challenge for cause directed against the said president."

The facts relating to this issue are simple. After the court had been convened, defense counsel challenged the president on the ground that he had been a court member at a previous trial of accused. After a brief interchange, the court was closed and a vote taken and announced. The following extract

506

from the trial record discloses the pertinent proceedings:

"PRES: Reporter, in answer to the defense counsel's challenge for cause and based upon paragraph 62f(13) line thirteen, the court will be closed and the next senior member will take a vote on the challenge for cause.

"PRES: The court will come to order. All manuals and other legal treaties [sic] were removed from the courtroom when the court closed.

"TC: All persons who were present when the court closed are again present.

"PRES: The court in closed session and upon secret written ballot with the majority vote, voted to have Captain HILDERBRANDT as senior member of this court. The rights of the accused were no way prejudiced by having Captain HILDERBRANDT sit on the court-martial which occurred approximately four months ago. The president named in the appointing order will continue to sit as president on this court-martial."

It would be patent error for the senior appointed member of the court-martial to be present and participate in the closed session on the challenge against him. United States v Stewart, 2 USCMA 78, 6 CMR 78. At worst, however, the record of trial is only somewhat ambiguous in this regard. First, we note that the record indicates awareness by the trial participants of the proper method of proceeding, in that the court was to be closed and a vote taken by the next senior member. Moreover, the presumption of regularity would ordinarily dictate that the correct procedure was followed, and this conclusion is bolstered by the fact that accused's two defense counsel, who were present and observed the closing and opening of court, registered no objection. And that same conclusion is compelled by the record before us on appeal. After we concluded the matter bore inquiry and stated the issue, appellate defense counsel, with commendable candor, furnished this Court with the affidavits of all the court members save the challenged president, and those of trial counsel, defense counsel and the assistant defense counsel. With the exception of the last mentioned individual, each affiant categorically declares that the president was not present nor did he participate in the closed session on the challenge for cause directed against him. The appointed assistant defense counsel avers that he cannot remember and prefers not to make any statement. Under such circumstances, it is clear beyond question that the affidavits support the presumption of regularity and clear up any uncertainty. Accordingly, we must resolve the granted issue adversely to the accused. Cf. United States v Solak, 10 USCMA 440, 28 CMR 6.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

I am unable to concur with my brothers in their belief that the findings of guilty and sentence should be affirmed in this case. True it is that our grant of review was limited to the question whether the president participated in the closed session deliberations of the court-martial upon his own challenge, but when our scrutiny of the record discloses errors which affect the substantial fairness of the proceedings, I believe that we should go beyond our grant and accord relief where it is due. In brief, we should note plain error in any trial and reverse accordingly. Moss v United States, 132 F2d 875 (CA 6th Cir) (1943); Jackson v United States, 221 F2d 883 (CA DC Cir) (1955).

In announcing that the challenge was overruled in this case, the "president" stated:

"PRES: The court in closed session and upon secret written ballot with the majority vote, voted to have Captain HILDERBRANDT as senior member of this court. The rights of the accused were no way prejudiced by having Captain HILDERBRANDT sit on the

**507**

court-martial which occurred approximately four months ago. The president named in the appointing order will continue to sit as president on this court-martial."

Conceding that the affidavits filed by defense counsel establish that Captain Hilderbrandt did not participate in the closed session discussion on the challenge against him, we are left to speculate concerning the manner in which the next senior member, who acted as president in announcing the result of the voting, obtained information concerning "the court-martial which occurred approximately four months ago." These specifics appear at no other place in the record. Thus, it is clear to me that, accepting the conclusion that Captain Hilderbrandt was absent from the closed session, it necessarily follows that the members in denying the challenge relied upon extra-record information. We have repeatedly condemned that course of action. United States v Solak, 10 USCMA 440, 28 CMR 6; United States v Wolfe, 8 USCMA 247, 24 CMR 57; United States v Webb, 8 USCMA 70, 23 CMR 294.

I need not, however, predicate my belief that reversal is required upon a single peg, for an examination of the entire record discloses many other matters which compel the conclusion that the accused received the sort of paternalistic justice which the Uniform Code sought to abolish. I regard as particularly unfortunate statements by the court which evinced a belief that accused had fabricated a defense while in pretrial confinement; the restrictions which were placed upon defense counsel's cross-examination; the adverse comments regarding counsel's ability; and the president's declaration that his "questions, statements, or talk is a little bit out of line." While I do not believe that any party to the trial sought deliberately to create an atmosphere hostile to the accused, the total effect of the circumstances delineated in this record is one of casually according an *ex parte* hearing to an individual whose guilt is well known to all those present. This may be nothing more than the natural result of convening special courts-martial in small, closely-knit units. It is nevertheless an attitude entirely foreign to the adversary scheme envisioned by Congress. Under the circumstances, I am convinced that this record depicts a trial completely at odds with our concept of military justice. Accordingly, I must disagree with the contrary view of the majority.

I would reverse the decision of the board of review and authorize a rehearing.