## UNITED STATES

v.

**John N. NAPPER, 493 66 9098, Fireman Apprentice (E–2) U. S. Navy.**

**NCM 78 1560.**

U. S. Navy Court of Military Review.

Sentence Adjudged 21 July 1978.

Decided 11 April 1979.

CAPT Allan H. Meltzer, USMCR, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

DUNBAR, Senior Judge:

On 20 and 21 July 1978, the appellant was tried by general court-martial at Naval Air Station, Jacksonville, Florida, for violations of Articles 81, 92 (three specifications) and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892, 934. He pled guilty to one violation of Article 92, sale of lysergic acid diethylamide (LSD), and the remaining charges and specifications were withdrawn. A court consisting of members sentenced him to be confined at hard labor for 2 months, to forfeit $300.00 pay per month for 2 months, to be reduced to pay grade E–1, and to be discharged from the naval service with a bad-conduct discharge. On 20 October, the convening authority approved the sentence, but pursuant to a pretrial agreement, all forfeitures in excess of $250.00 per month for a period of 2 months were suspended for the period of confinement and 6 months thereafter.

█ Appellant asserts there is substantial doubt that he received a fair trial because of clearly expressed progovernment orientation of the military judge.

Following *voir dire*, trial defense counsel sought to challenge for cause a member who had previously indicated that she was oriented toward the Government. The challenge was denied, and the military judge stated:

The objection will be overruled. It doesn't make any difference. Trial counsel is oriented toward the government. Are you going to have him step out of here. *I'm oriented toward the government.* It's her job and because of her job doesn't make her impartial—I mean, incapable of sitting as a fair and impartial member. Any other challenges for cause?

Appellant claims that one can scarcely conceive a clearer statement of bias and partiality. He contends for the military judge to analogize his role to that of the trial counsel clearly evinces a misapprehension as to his proper role. Appellant argues he was therefore denied a trial before a fair and impartial arbiter. Appellant also asks us to consider the following colloquy between the military judge and trial defense counsel which appellant believes is indicative of the judicial temperament displayed throughout the proceedings:

DC: Thank you, Your Honor. The reason that the defense requested this Article 39(a) [10 U.S.C. § 839(a)] Session, Your Honor, although we have no specific objections to the instructions which you just gave the members just prior to their withdrawing to deliberate, we want to make it clear for the record that we did not object to the document entered because of our belief that it was entered for a very strict and limited purposes, and any use of that document to indicate the prior nonjudicial punishment which was not inadmissible because of Booker, we would object to and would note for the record that we have—do not wish to waive our objection thereto. We did not make objection merely because we thought it was for that specific limited purpose. That's all.

MJ: What are you trying to say?

DC: The only thing, Your Honor, was I wanted to make it clear for the record that we weren't waiving any objection we might have had that that—to that document's admission for proof of prior misconduct. We do—we did not object to it because we thought it was offered for the specific limited purpose which you just advised the court of. That's all I wanted to say for the record.

MJ: I suppose you didn't want to waive your objection that it might have indicated that the accused had a two-headed baby or anything like that either, huh?

DC: I apologize to the court if I am being unclear. I'm merely trying to protect the rights of my client.

MJ: Well, Lieutenant ANDERSON, for the record also to make it clear, it was only introduced for the limited purpose alone. Since you objected to the NJP, I would suspect that it's on the record that you objected to that NJP away back about 4 or 5 hours ago.

Appellant says further that the military judge abused his discretion by failing to sustain the defense challenge for cause of two court members. Both challenges were denied by the military judge; however, one of these members was later challenged peremptorily by the Government. Appellant cites responses of these members as the best indication of the error committed. The military judge asked the members *en banc* if they performed any law enforcement functions:

MEMBER (LCDR CECKUTH): Director of Security, Naval Air Station, Jacksonville.

MJ: This is security on board the base?

MEMBER (LCDR CECKUTH): Yes.

MJ: (Chuckling) you definitely do then, don't you?

MEMBER (LCDR CHECKUTH): I run the place.

The other member challenged for cause was legal officer of an aviation squadron. Appellant does not feel that either member "was mentally free to render an impartial sentence based upon the law and the evidence."

The Government asserts the test set forth in *United States v. Parker*, 6 U.S.C.M.A. 274, 19 C.M.R. 400 (1955) is whether the member is mentally free to render an impartial sentence based upon the case and evidence. In this regard, the military judge noted for the record a negative response by LCDR Ceckuth and the other members to the following question:

MJ: Is there any member, by reason of personal bias, personal experience, professional experience, who feels

that they would be unable to fairly and impartially determine the sentence in this case in accordance within the evidence and the law that I will instruct you?

The Government submits that appellant has shown nothing to refute this expressed attitude of impartiality.

I am inclined to agree with the Government's position. Our consideration of the record as a whole leads us to conclude that both challenged members were responsible naval officers, and we have no reason to believe they did not perform their duties in a fair and unbiased manner. We do not hesitate to note, however, that military judges should be highly sensitive to maintaining a personal attitude and court-room atmosphere of absolute impartiality and fairness.

█ It is also asserted that the military judge improperly instructed the Court members that the maximum permissible sentence to confinement was 2 years. In fact it was 1 year. Citing *United States v. Windham*, 15 U.S.C.M.A. 523, 36 C.M.R. 21 (1965) and *United States v. Harden*, 1 M.J. 258 (C.M.A.1976), appellant requests that we reassess the sentence or direct a rehearing.

The Government submits that despite the alleged error of the military judge in advising the members that the maximum confinement was 2 years, it is inconceivable that they would have adjudged a lesser period than they did had he advised them that the maximum was 1 year. *United States v. Johnson*, 1 M.J. 213 (C.M.A.1975).

The Government also cites the following cases as examples wherein military appellate courts have held the difference between the actual period of maximum confinement and that period related to the court members was substantial enough to improvidence a guilty plea:

| Maximum (Appellant's brief) | Maximum (Actual) | |
|---|---|---|
| 13 years | 1 year | *United States v. Turner*, 18 U.S.C.M.A. 55, 39 C.M.R. 55 (1968). |
| 20 years | 10 years | *United States v. Harden*, 1 M.J. 258 (C.M.A. 1976). |
| 9 years | 2 years | *United States v. Kolanda*, No. 76 1958 (N.C.M.R. 19 October 1976). |
| 6 years | 2 years | *United States v. Raney*, No. 76 1215 (N.C.M.R. 25 August 1976). |
| 5 years | 1 year | *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974). |

█ We conclude there was no substantial misunderstanding which affected the providency of appellant's plea. Nor do we find any merit in the claim that the court lacked *in personam* jurisdiction over the accused. This issue was raised at trial by motion. Our review of the evidence does not disclose any abuse of judgment by the military judge in ruling on the motion. Moreover, the assertions that appellant's plea to sale of LSD was improvident because at the time of his apprehension he believed he still had right, title and interest in the substance is not supported by the record. On page 48, 49 and 50 of the record, appellant admits repeatedly his guilt of the offenses. In addition, the Government summarized that evidence by which it could prove the offense as alleged, and the accused acknowledged that the evidence would have been sufficient to find him guilty beyond a reasonable doubt. In view of the foregoing, the findings and sentence as approved below are affirmed.

GREGORY, Judge (concurring):

The remarks of the military judge noted in the principal opinion were inappropriate; however, I see no fair risk that they resulted in any prejudice to appellant. These

remarks were made outside the hearing of the court members and, therefore, could have had no influence on the sentence adjudged. *Cf. United States v. Clower*, 23 U.S.C.M.A. 15, 48 C.M.R. 307 (1974).

It is certainly true that the military judge must avoid even the appearance of unfairness in his court. I do not consider the remarks of the military judge in this case, however, as rising to the level where an appearance of unfairness has possibly been created.

I concur that the other assignments of error do not have merit, and I join in the disposition directed by the principal opinion.

GLADIS, Judge (dissenting):

I dissent. In my opinion, under the circumstances of this case, in light of the trial judge's admitted pro-Government bias, there is a substantial doubt as to the fairness of the proceedings.

Denying the defense challenge for cause of a court member who was a squadron legal officer, had worked closely with the trial counsel in preparing other cases for prosecution, and stated she thought she would be impartial although she was oriented towards the Government, the judge stated, "It [the member's pro-Government orientation] doesn't make any difference. Trial counsel is oriented toward the Government. Are you going to have him step out of here? I'm oriented toward the Government. It's her job and because of her job doesn't make her impartial—I mean incapable of sitting as a fair and impartial member . . . ." Earlier during defense counsel's *voir dire* examination of another member who was the director of security or base chief of police and responsible for investigation of serious crimes, including drug offenses, when the member admitted that his primary job was to perfect cases for prosecution, the judge had interrupted the defense counsel, assumed the role of trial counsel, coached the member and attempted to rehabilitate him. The judge denied the defense challenge for cause of this member. *Compare United States v. Glaze*, 3 U.S.C. M.A. 168, 11 C.M.R. 168 (1953) (There is nothing inherently unfair in permitting a lawyer to participate as a member of a court-martial) and *United States v. Stewart*, 2 U.S.C.M.A. 78, 6 C.M.R. 78 (1952) (The accused was not prejudiced by permitting an officer assigned to military police headquarters to sit as a member when he had formed no opinion as to guilt) *with United States v. Hedges*, 11 U.S.C.M.A. 642, 29 C.M.R. 458 (1960) (Reversal was required where *voir dire* of members, the majority of whom had law enforcement or similar duties, revealed the appearance of a court handpicked to favor the prosecution).

The trial judge should conduct himself at all times in a manner which promotes public confidence in the impartiality of the judiciary and recuse himself whenever he believes his impartiality can reasonably be questioned. ABA STANDARDS, THE FUNCTION OF THE TRIAL JUDGE, §§ 1.5, 1.7. The military judge is required to avoid the appearance, as well as the existence of evil in his court and establish the confidence of the general public in the fairness of the court-martial proceedings. *United States v. Rosser*, 6 M.J. 267 (C.M.A. 1979); *United States v. Conley*, 4 M.J. 327, 329 (C.M.A.1978). *See generally* Higley, *Justice and the Judiciary: A Look at the Partial Jurist*, 29 JAG J., 219 (1977).

The judge in this case did not do so, but by his remarks and conduct created a substantial doubt as to the fairness of the proceedings. Therefore, I would set aside the findings and sentence.