UNITED STATES, Appellee,

v.

Curtis BOYD, Jr., Private, U. S. Army, Appellant.

No. 36,296.

SPCM 13082.

U. S. Court of Military Appeals.

Aug. 27, 1979.

Appearances: For Appellant: *Captain Joseph W. Moore* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Benjamin A. Sims, Captain Grifton E. Carden* (on brief).

For Appellee: *Captain James W. Hewitt, Jr.* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Robert B. Williams* (on brief).

Opinion of the Court

FLETCHER, Chief Judge:

The question granted by this Court is:

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY DISALLOWING A CHALLENGE FOR CAUSE AGAINST A JURY MEMBER, STAFF SERGEANT HAYES, AND COMPELLED THE TRIAL DEFENSE COUNSEL TO USE HIS PEREMPTORY CHALLENGE.

Our examination of the voir dire examination of Sergeant Hayes leads us to find from this record [1] that the trial judge did not improperly disallow a challenge for cause against the member.

This Court earlier laid down the rule for appellate review of this question in *United States v. Dean,* 5 U.S.C.M.A. 44, 49, 17 C.M.R. 44, 49 (1954):

If the evidence touching the issue is in conflict, the balance must be struck by the person or persons having authority to rule on the challenge. *There must be a clear abuse of discretion in resolving the conflict before an appellate tribunal, which lacks the power to reweigh the facts, will reverse a decision.*

(Emphasis added).

The logical touchstone to which the above opinion refers is found in *United States v. Parker,* 6 U.S.C.M.A. 274, 284–85, 19 C.M.R. 400, 410–11 (1955), where we stated: "The real test is whether he [the prospective court member] is mentally free to render an impartial finding and sentence based on the law and the evidence."

We have reiterated this test as recently as *United States v. Karnes,* 1 M.J. 92 (C.M.A.1975). Applying these criteria to the voir dire examination, we conclude that the trial judge correctly disallowed the challenge for cause.

Inasmuch as the military judge did not abuse his discretion in disallowing the challenge for cause against Staff Sergeant

1. Examination of the pertinent portions of the rather lengthy examination of the prospective court member shows, in addition to some acquaintance with certain witnesses in the case, the requisite mental freedom to render an impartial finding and sentence based on the law and the evidence.

Hayes, the trial defense counsel was not thereby compelled to exercise his peremptory challenge.

The decision of the United States Army Court of Military Review is affirmed.

Judge PERRY concurs.

COOK, Judge (concurring in the result):

In my opinion the appellant's peremptory challenge of the member in question precludes any possibility of prejudice even if his challenge for cause was improperly denied. *See United States v. Shaffer,* 2 U.S. C.M.A. 75, 6 C.M.R. 75 (1952). Thus, I find it unnecessary to resolve the issue of the propriety of the military judge's ruling.