UNITED STATES

v.

**Robert COOPER, 058 50 7627, Private (E-1), U. S. Marine Corps.**

**NCM 79 1027.**

U. S. Navy Court of Military Review.

Sentence Adjudged 21 March 1979.

Decided 25 Sept. 1979.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

GREGORY, Judge:

Appellant was tried by a special court-martial constituted with officer members. In his single assignment of error on appeal, he alleges that the military judge abused his discretion in failing to sustain a challenge for cause against one of the members.

He contends that he has been substantially prejudiced because he was forced to use his sole peremptory challenge to remove this member from the court.

■ In his excellent brief in appellant's behalf, appellate defense counsel notes that this Court has previously held that a military judge's failure to sustain a challenge for cause is nonprejudicial where the court member is thereafter peremptorily challenged. *United States v. Michaud*, 48 C.M.R. 379, 394 (N.C.M.R.1973), *pet. denied* 23 U.S.C.M.A. 603 (1974). He urges our consideration, however, of more recent Federal decisions which have held that it is error for a court to force a party to exhaust his peremptory challenges on a person who should be excused for cause, for this has the effect of abridging the right to exercise peremptory challenges. *See United States v. Rucker*, 557 F.2d 1046 (4th Cir. 1977); *United States v. Nell*, 526 F.2d 1223 (5th Cir. 1976). We are able to see logic in the contentions of counsel in this regard; however, we do not concur in his basic premise that the military judge in this case abused his discretion in not sustaining the challenge for cause in the first instance.

During individual *voir dire*, it had been brought out that the member in question had taken a rather light-hearted attitude toward filling out a questionnaire incident to his appointment to the court-martial panel, not realizing its source or the use for which it was intended. The member had indicated on the form a prejudice toward "shit-bird troops." Under questioning at trial, however, the member indicated that he was now impressed with the seriousness of his duties as a court-member and that the statement on the questionnaire "was made in jest." (R.23). He openly admitted that he did not care for chronic troublemakers, but stated that he did not know the appellant and could not tell whether appellant fell into that category. The member assured the military judge that he would fairly and impartially weigh all of the evidence and listen to the instructions of law given by the military judge, that he would keep an open mind until all evidence was received, and that he would consider each level of the sentencing spectrum before determining the appropriate level of punishment to award. (R. 23–25).

Our analysis of the *voir dire* leads us to conclude that the member in question could sit as a fair and impartial member of appellant's court-martial. A challenge for cause is addressed to the sound discretion of the military judge. The burden of maintaining a challenge rests on the challenging party. *Manual for Courts-Martial, 1969, (Rev.),* paragraph 62*b*. On the evidence before us, there is an insufficient showing that the member in question might be biased against the appellant and could not be expected to weigh the evidence carefully and attempt to return a fair and impartial verdict. For this reason, we find that the military judge did not abuse his discretion in not sustaining the challenge for cause and that, therefore, the appellant was not "compelled" to use his sole peremptory challenge against a member who should have been otherwise removed. *See United States v. Boyd*, 7 M.J. 282 (C.M.A.1979); *United States v. McQueen*, 7 M.J. 281 (C.M.A.1979).

■ Also on the question of "compelled" use of the sole peremptory challenge, we would note that, in a similar situation, the Court of Military Appeals has in the past stated:

One who asks reversal by this Court for an error of the character presented here must make at least a showing of fair risk of prejudice. [citation omitted]. This has not been done.

*United States v. Shaffer*, 2 U.S.C.M.A. 75, 77, 6 C.M.R. 75, 77 (1952). We also are unable to find a fair risk of possible prejudice in the case of this appellant. We note that, at trial, trial defense counsel made no request to *voir dire* individually any member other than the one finally peremptorily challenged. In addition, as to this particular member, it was trial counsel who requested the individual *voir dire*, and trial defense counsel merely pursued the matter further through cross-examination. Moreover, trial defense counsel asked only a few general questions of the array, and made no

**540**

indication that he might have been desirous of removing any other member from the panel which finally sentenced the appellant. Under these circumstances, we conclude that there is no evidence of prejudice to this appellant, even assuming the military judge erred in failing to sustain the challenge for cause.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge DUNBAR and Judge GLADIS concur.