**UNITED STATES**

v.

**Airman First Class Larry V. HARRIS, FR 265–35–9807, United States Air Force.**

**ACM 22770.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 March 1980.

Decided 22 Jan. 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Major Wade B. Morrison and Captain Thomas S. Markiewicz, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

MILES, Judge:

Consistent with his pleas, the accused was convicted of making a false official statement, seven specifications of larceny, and one offense of making a worthless draft in violation of Articles 107, 121 and 123a of the Uniform Code of Military Justice, 10 U.S.C.A. §§ 907, 921, 923a. The approved sentence extends to a bad conduct discharge, confinement at hard labor for one year, forfeiture of $100.00 per month for twelve months and reduction to airman basic.

Appellate defense counsel assert that the military judge erred by disallowing a challenge for cause thereby compelling trial defense counsel to use his peremptory challenge. We disagree and hold that the military judge, under the particular facts, did not abuse her discretion in denying the challenge for cause. We also hold that removal of the challenged member, by the exercise of the defense peremptory challenge, eliminated any risk of prejudice even if the denial of the challenge is assumed to be error.

■ The defense challenge to the court member, Colonel Herbert R. Fields, Jr., rested on several bases. The challenged member worked with two of the theft victims, chaired a base resources protection committee, and wrote or indorsed the officer efficiency reports of three other court members. The inquiry on the last point was very brief at trial. Colonel Fields agreed that he would not use his position as writing or indorsing officer to try to influence any deliberations. Moreover, we find nothing in the record of trial that indicates that Colonel Fields should be disqualified simply because of his relationship to those three other members.[1]

The other points raised by defense counsel are more troublesome. Two of the theft victims, both lieutenants, worked for Colonel Fields and he indorsed their officer efficiency reports. In casual conversations, these victims had told him of the thefts.[2] He advised them to report the matter to the security police. One of the two officers had been quite concerned with the theft and recovery of his watch.[3] He later had told Colonel Fields that the person responsible had been caught. Colonel Fields was not aware of any financial hardship resulting from the thefts.

At trial, Colonel Fields assured both counsel that this relationship would not affect his judgment:

TC: Would their concerns, that they expressed to you, in your mind, have any influence on the punishment which you might determine appropriate in this case in your deliberations?

PRES: I don't feel that way whatsoever.

TC: Would you feel that you can completely divorce what your feelings are towards the Lieutenants and their express concerns in your deliberations here? Do you understand the question?

PRES: Yes. I have only discussed this a couple of times with them, that is all.

\* \* \* \* \* \*

DC: Colonel, it is very important. I don't want to imply to you that I think you are unfair or not impartial, but it is extremely important, and I am sure that you understand why, that you reach into your mind now and ask yourself honestly, if you can divorce, from your mind, the fact that two of the victims in these offenses work for

---

1. *United States v. Deain*, 5 U.S.C.M.A. 44, 17 C.M.R. 44 (1954).

2. The limited knowledge the president acquired from the two victims prior to trial was little more than what was conveyed to the other members by the allegations in the specifications.

3. The watch of this victim was Prosecution Exhibit 5.

you, and what you heard about the offenses, whether you remember exactly what the words were, and you probably remembers the feelings, can you really divorce that from your mind in this case, or do you feel that there might be something.

PRES: I don't think that, based on what you say, that a casual discussion that we had, we sit around the office in the morning and have a cup of coffee, and he would bring it up several times. I think that I can push that out of my mind.

As part of his regularly assigned duties, Colonel Fields served as the chairman of a base resources protection committee. The committee would survey areas of the base that had personal or government property losses. Neither Colonel Fields nor the committee members, as such, had visited the base gym, the scene of six of the seven thefts. Colonel Fields had not reviewed security police reports about the thefts from the gym nor had he been briefed about them. As committee chairman, he did not feel any personal interest in the trial. He said he was mentally free to render a fair and impartial sentence based on the evidence submitted.

Following the individual voir dire of the president, the defense counsel challenged him for cause, claiming that his interwoven connection with the case made it too dangerous for him to sit. The military judge, denying the challenge for cause, emphasized the president had no direct personal interest in the case and had stated "he was free, mentally, to render a fair and impartial verdict after hearing the evidence and the law." Thereafter, the defense peremptorily challenged the president and he was excused from further participation in the case.

Review of the exercise of the trial judge's discretion is appropriate because "[t]he limited number of peremptory challenges available in courts-martial gives special importance to the challenge for cause." *United States v. Tippit*, 9 M.J. 106, 107 (C.M.A. 1980).

An accused is entitled to a trial in which the military judge and members have a fair and open mind. *United States v. Deain*, 5 U.S.C.M.A. 44, 17 C.M.R. 44 (1954). The prospective court member must be "mentally free to render an impartial finding and sentence based on the law and the evidence." *United States v. Parker*, 6 U.S. C.M.A. 274, 284–285, 19 C.M.R. 400, 410–411 (1955).

The party asserting the challenge has the duty to raise a contention of bias from the realm of speculation to the realm of fact. *United States v. Dennis*, 339 U.S. 162, 70 S.Ct. 519, 94 L.Ed. 734 (1950); Manual for Courts-Martial, 1969, (Rev.), paragraph 62*h*(2). But as Justice Black pointed out:

> The test of bias sufficient to exclude a juror for cause is not what the particular juror believes he could do. Long ago Chief Justice Marshall ruled that a person 'may declare that he feels no prejudice in the case, and yet the law cautiously incapacitates him from serving on the jury; because it suspects prejudice; because in general, persons in a similar situation would feel prejudice.' (citation omitted)

*United States v. Dennis* (Black, J.), *supra*, at 176, 70 S.Ct. at 527.

For that reason, the military judge, in passing on challenges, should be liberal in the interest of having the trial free from any substantial doubt as to legality, fairness and impartiality. Manual for Courts-Martial, *supra*, paragraphs 62*f*(13) and 62*h* (2). However, the United States Court of Military Appeals has long recognized that if the evidence as to whether bias exists is in conflict, the balance must be struck in favor of the military judge who actually rules on the challenge. Reversal is appropriate only if there is a clear abuse of discretion. *United States v. Boyd*, 7 M.J. 282 (C.M.A.1979); *United States v. Deain*, *supra*, at 49.

Although we might not have ruled as the trial judge did, we are not persuaded that the military judge abused her discretion in denying the challenge for cause. The accused's previously accepted guilty

pleas avoided any issue of guilt or innocence. The credibility of testimony by any victim was not an issue as none in fact testified. At no time did the challenged member express any prejudice, bias or indeed any opinion as to sentence. Thus, there was no predisposition, let alone an inelastic attitude, toward sentence. *United States v. McGowan*, 7 M.J. 205 (C.M.A. 1979). Moreover, the answers by the challenged member indicated, on their face, an attempt to be flexible and fair and a determination not to be improperly influenced.

Thus we are satisfied that the trial judge, having personally heard and observed the challenged member, did not abuse her discretion in denying the challenge. *United States v. Fort*, 16 U.S.C.M.A. 86, 36 C.M.R. 242 (1966); *United States v. Pollack*, 9 M.J. 577 (A.F.C.M.R.1980).

■ Moreover, the removal of Colonel Fields, for whatever reason, precluded any actual prejudice to the accused from his sitting on the court. There were no other challenges for cause, and the defense expressed no dissatisfaction with the other members. Unless under the circumstances, we find a fair risk of material prejudice to the substantial rights of the accused by the failure of the court to sustain the challenge for cause, the use of a peremptory challenge, forced or otherwise, purges any resulting error. *United States v. Swanson*, 25 C.M.R. 832, 837 (A.F.B.R.1958), rev'd on other grounds, 9 U.S.C.M.A. 711, 26 C.M.R. 491 (1958). Cf. *United States v. Boyd*, 7 M.J. 282, 283 (C.M.A.1979) (Cook, J.); *United States v. Shaffer*, 2 U.S.C.M.A. 75, 6 C.M.R. 75 (1952).[4] We find no such risk of prejudice in this case.

4. The following cases all hold that removal of the challenged member by peremptory challenge avoids any prejudice. *United States v. Michaud*, 48 C.M.R. 379 (N.C.M.R.1973), pet. denied, 23 U.S.C.M.A. 602 (1974); *United States v. Brakefield*, 43 C.M.R. 828 (A.C.M.R. 1971), pet. denied, 21 U.S.C.M.A. 604, 43 C.M.R. 413 (1971); *United States v. Reece*, 29 C.M.R. 837 (A.F.B.R.1960), pet. denied, 11 U.S.C.M.A. 791, 29 C.M.R. 586 (1960). Some earlier cases are *contra*. *United States v. Watkins*, 20 C.M.R. 750 (A.F.B.R.1955); *United States v. Grittman*, 16 C.M.R. 328 (A.B.R.1954); *United States v. Morgan*, 6 C.M.R. 462 (N.B.R.1952).

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, concurs.

MAHONEY, Judge (dissenting):

I dissent. I have no reason to doubt the honesty or sincerity of the challenged member's disclaimers on voir dire. Moreover, I concur with the majority's observation that these factors should be weighed and resolved by the trial judge. What concerns me, however, is the *reasonableness* of those disclaimers in view of the challenged member's close duty relation to two of the theft victims and his duty responsibilities as chairman of the base resource protection committee.

The challenged member might reasonably be expected to disregard those duty considerations for purposes of determining guilt or innocence, but I find it unreasonable to conclude he could disregard them for purposes of determining an appropriate sentence. Certainly the appearance of evil is great, and there is no indication in the record that there was a shortage of potential court members who were free of such obvious conflicts. Thus, I conclude that the military judge abused her discretion in denying the challenge for cause.

In assessing the impact of this error, I note, as pointed out in the majority opinion, that there are divergent lines of military case law concerning the effect of the exercise of the defense peremptory challenge following an improper denial of a challenge for cause.[1] A similar divergence of opinion

1. Footnote 4, *ante*. It should be noted that Judge Cook's concurrence in *United States v. Boyd*, 7 M.J. 282 (C.M.A.1979), was in result only. For the purpose cited by the majority here, Judge Cook's opinion took issue with the implication in Chief Judge Fletcher · opinion that, had the denial of the challenge for cause been improper, the error would have survived the accused's peremptory excusal of the member. Indeed, the granted issue involved an allegation of "compelled" use of the defense peremptory challenge. Moreover, with all due respect to Judge Cook, the precedent cited by him considered this issue only as an alternative

may be found among civilian jurisdictions. *See,* 47 Am.Jur.2d, Jury, § 218.

As an alternate basis for its decision today, the majority would rely upon those cases which hold that any prejudice to the accused by virtue of the improper denial of the challenge for cause is obviated by the removal of that member upon defense peremptory challenge. I cannot agree, because in my view, although the accused could no longer be prejudiced by the presence of the challenged member on the court, he was prejudiced by impingement upon his statutory right to the free exercise of one peremptory challenge. Article 41(b), Uniform Code of Military Justice, 10 U.S.C.A. § 841(b).

It may well be that the accused would not otherwise have used his peremptory challenge, but such a conclusion would be sheer speculation on our part.[2] I believe we must assume, therefore, that the accused's exercise of his peremptory challenge was not the unfettered product of his free will, but rather that it was occasioned by, and flowed directly from, the erroneous denial of the challenge for cause.

As stated by Mr. Justice Harlan in *Pointer v. United States,* 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208 (1894):

> The right to challenge a given number of jurors without showing cause is one of the most important of the rights secured to the accused. "The end of challenge," says Coke, "is to have an indifferent trial, and which is required by law; and to bar the party indicated of his lawful challenge is to bar him of a principal matter concerning his trial." He may if he chooses, peremptorily challenge "on his own dislike, without showing any cause;" he may exercise that right without reason or for no reason arbitrarily and capriciously. Any system for the impaneling of a jury that prevents or embarrasses the full, unrestricted exercise by the accused of that right, must be condemned. [Citations omitted.]

*Id.* at 408, 14 S.Ct. at 414. Having been denied the unrestricted exercise of his statutory right, the accused has suffered prejudice, despite the absence of the challenged member on the court which sentenced him.[3] *United States v. Stewart,* 6 C.M.R. 432, 436 (A.B.R.1952), rev'd on other grounds, 2 U.S. C.M.A. 78, 6 C.M.R. 78 (1952).

Moreover, since the accused was restricted in the exercise of his statutory right to exercise a peremptory challenge, the court which sentenced him was improperly constituted. Thus, although the findings of guilty are unaffected, there is no valid sentence. Cf., *United States v. Cameron,* 13 C.M.R. 738 (A.F.B.R.1953). Accordingly, I would set aside the sentence and order a rehearing thereon.

---

basis for its decision. Specifically in *United States v. Shaffer,* 2 U.S.C.M.A. 75, 6 C.M.R. 75 (1952), the Court never found that the challenge against the court member should have been sustained—it merely found that the procedure employed in denying the challenge was erroneous. In a companion case, *United States v. Stewart,* 2 U.S.C.M.A. 78, 6 C.M.R. 78 (1952), a similar error was also found non-prejudicial even though the challenged member actually served on the accused's court-martial.

**2.** The defense is not required to, and rarely does, accompany its exercise of the peremptory challenge with a statement of rationale. Paragraph 62e, Manual for Courts-Martial, 1969 (Rev.). Where the defense fails to exercise its right to one peremptory challenge, the doctrine of waiver might well be applied to the denial of

a single challenge for cause in a non-capital case. *See United States v. Henderson,* 11 U.S. C.M.A. 556, 29 C.M.R. 372 (1960), at 308 (Ferguson, J., dissenting).

**3.** *Cf., Hopt v. Utah,* 120 U.S. 430, 7 S.Ct. 614, 30 L.Ed. 708 (1887) (no prejudice to accused by erroneous denial of a challenge for cause where he had other peremptory challenges available). Unlike most civilian jurisdictions, in the military, the accused is entitled to only one peremptory challenge. Article 41(b), Uniform Code of Military Justice. Thus, once he uses it against *any* member, he preserves his right to challenge on appeal the denial of any challenge for cause. *United States v. Watkins,* 20 C.M.R. 750 (A.F.B.R.1955).