UNITED STATES

v.

**Airman Basic Byron N. BUSH, FR 265–29–2718 United States Air Force.**

**ACM S25284.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 April 1981.

Decided 13 Nov. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter, Major George D. Cato and Captain Richard O. Ely, II.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

KASTL, Judge:

Tried for various drug-related offenses in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 92 and 934, the accused was found guilty by a special court-martial consisting of members. His sentence extends to a bad conduct discharge, confinement at hard labor for six months, and forfeiture of $334.00 per month for six months.

On appeal, he alleges three prejudicial errors: denial of a defense challenge to a court member exhibiting "an inelastic attitude" regarding sentence; admission during sentencing of Article 15 punishments and a letter of reprimand lacking the accused's responses attached thereto; and failure to disqualify the clemency evaluation officer because of prior participation in the case.

Finding no error prejudicial to the substantial rights of the accused, we affirm.

## I

■ Following an unsuccessful challenge of Lieutenant O, the defense failed to exercise its right to peremptorily challenge any member. Failure to exhaust peremptory challenges waives any error arising from denial of a challenge for cause. *United States v. Harris*, 11 M.J. 589, 592 (A.F.C.M. R.1981) and *United States v. Russell*, 43 C.M.R. 807, 810 (A.C.M.R.1971). See also *United States v. Boyd*, 7 M.J. 282, 283 (C.M. A.1979) (Cook, J.) and *United States v. Henderson*, 11 U.S.C.M.A. 556, 29 C.M.R. 372, 388 (1960).

## II

During sentencing, the defense objected to consideration of two nonjudicial punishments and a letter of reprimand. The defense claimed these documents were improperly maintained since they lacked responses which the accused had advanced earlier to each. As to this matter, the pertinent authority, Air Force Regulation 111–9, Nonjudicial Punishment under Article 15, UCMJ (31 August 1979), paragraph 6n, reads as follows:

The record of imposition of punishment in a written proceeding consists of:

(1) AF Form 3070 or 3071;

(2) Additional indorsements;

(3) Attachments *other than those required to be withdrawn under paragraph 15*; and,

(4) A Report on Individual Personnel (RIP).... [emphasis added].

Paragraph 15 of the same regulation states:

a. The disposition of records of nonjudicial punishment is governed by AFM 12–50, Table 111–1.

b. *Evidence and other written materials considered as a basis for imposing punishment*, vacating a suspended punishment, or *submitted by the offender in mitigation, extenuation, or defense or on appeal are*:

(1) *Not part of the record*;

(2) Filed at the office of the SJA servicing the commander who initiated the Article 15, and

(3) Disposed of as temporary general correspondence under AFM 12–50, Table 10–1, unless other disposition instructions specifically apply. [emphasis added].

■ We hold that the military judge was correct in determining that AFR 111–9 did not require the recipient's written matters to be attached to the record. Furthermore, the record of trial contains no indication that the accused himself sought to enter such written materials into evidence; to the contrary, his sole objection was that the documents failed as regularly-maintained personnel records because his materials had been withdrawn.

### III

■ We do not find the post-trial clemency officer disqualified from performing that task. The record and allied papers reveal that Captain E, a judge advocate, had written a legal review and recommended that the special court-martial convening authority disapprove the accused's request for discharge in lieu of court-martial. The accused now argues that Air Force Manual 111–1, Military Justice Guide, (13 May 1980), paragraphs 7–5f to 7–5h, requires that the clemency interview be conducted by one without prior participation in "the case or trial at hand" and that Captain E erred in asserting in his clemency report that he had no prior participation therein.

The record reveals that a copy of Captain E's legal review, signed by him and the staff judge advocate, was made available to the accused prior to trial. The accused thus knew of Captain E's earlier activity but did not object to his participation as post-trial clemency officer. We further note that Captain E's clemency interview and evaluation are balanced and evenhanded. Accordingly, under the circumstances of this case, we find no error. *United States v. Markland*, 2 M.J. 356, 359 (A.F.C.M.R.1977). *See also United States v. Hedrington*, 47 C.M.R. 984, 987 (A.F.C.M.R.1973) and *United States v. Kemp*, 7 M.J. 760, 762 (A.C.M.R. 1979).

### IV

■ Two other matters are worthy of notice. During the trial, the accused, by virtue of a denial of his appeal from nonjudicial punishment, was reduced in rank from E–2 to E–1. We find such reduction to be a natural consequence stemming from Article 15 punishment, and we hold that the accused was not prejudiced by the members having knowledge of the accused's rank change, mid-trial. *United States v. Boles*, 11 M.J. 195 (C.M.A.1981).

■ Finally, we note that the prosecution used a chalk board to graphically explain how some of the charged drug offenses had occurred; it was marked as Prosecution Exhibit 20 for identification and utilized by a witness to clarify the particulars of such transactions. No depiction of the data was ever entered into the record. A reproduction of the chalk board appears in the record of trial as an allied paper. We find that failure to technically enter the exhibit into the record does not make the record incomplete or harm the substantial rights of the accused. The information portrayed on the board was otherwise before the members in the form of testimony. The board was merely a visual aid for summarizing evidence otherwise available to the members. *United States v. McCullah*, 11 M.J. 234, 236 (C.M.A.1981). See also Air Force Manual 111–1, Military Justice Guide, *supra*, paragraph 6–7.

The other matter raised by the accused is resolved adversely to him.

The findings of guilty and sentence are AFFIRMED.

POWELL, Senior Judge, and MAHONEY, Judge, concur.