**UNITED STATES**

**v.**

**Airman First Class Jana A. MERRILL, FR 006–76–6351, United States Air Force.**

**ACM 26045.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 5 March 1987.

Decided 3 Sept. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Morris A. Tanner, Jr. and Major Carole W. Hanson.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

### DECISION

LEWIS, Judge:

The appellant pleaded guilty to four specifications alleging the wrongful use and distribution of marijuana and lysergic acid diethylamide (LSD) on divers occasions. She was sentenced by a military judge, sitting alone, to a bad conduct discharge, confinement for 20 months, forfeiture of all pay and allowances and reduction to airman basic. The sentence was approved as adjudged by the general court-martial convening authority.

During the presentencing phase of the appellant's trial the trial counsel proffered a nonjudicial punishment pursuant to R.C.M. 1001(b)(2). It was admitted despite the defense counsel's objection that the exhibit was not complete within the meaning of Mil.R.Evid. 106 inasmuch as the appellant's written presentation in response to her commander's notice of intent to impose punishment was not attached.

The pertinent Air Force directive provides that written submissions by an offender are not included in the paperwork which is placed in one's record. Air Force Regulation (AFR) 111–9, *Nonjudicial Punishment Under Article 15, Uniform Code of Military Justice,* para. 15c(1) (12 September 1984) (Change 1, 19 July 1985). See our construction of an earlier version of this provision in *United States v. Bush,* 12

M.J. 647 (A.F.C.M.R.1981), *pet. denied,* 13 M.J. 39 (1982). Comments by the parties at trial suggest that neither the government nor any of its representatives had access to the appellant's response at the time of trial if they were in compliance with routine disposal of documents procedures. The military judge overruled the objection and considered the nonjudicial punishment as offered. This ruling is cited as error on appeal. We conclude that the military judge did not err.

In *United States v. Bush, supra,* we held that a prior version of AFR 111–9 did not require the government to maintain an offender's response with the record of nonjudicial punishment, and, thus, the military judge did not err in admitting a nonjudicial punishment record which omitted the accused's submission to his commander. 12 M.J., at 648–649. However, *Bush* is not dispositive of the claim made by appellate defense counsel in this case. Counsel argue that the Air Force records keeping scheme cannot properly frustrate the intent of the completeness doctrine which contemplates fairness for the parties at trial. As a consequence, it is urged, the admission of the "incomplete" nonjudicial punishment was error notwithstanding what the pertinent Air Force directive purports to describe as being a proper record.

■ The completeness doctrine, as incorporated in Mil.R.Evid. 106, provides: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require that party at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Thus, when a trial counsel introduces derogatory information from an accused's personnel record he must, if challenged by the defense, also introduce the favorable information which is included within the record. *United States v. Salgado-Agosto,* 20 M.J. 238 (C.M.A.1985); *United States v. Goodwin,* 21 M.J. 949 (A.F.C.M.R.1986), *pet. denied,* 22 M.J. 276 (1986).

■ However, prior decisions have not held that the government has an obligation to create and maintain a record in any particular fashion so that it might be con-sidered "complete" if used at a subsequent trial. This is the holding which appellate defense counsel suggest is appropriate in this case. We can imagine the mischief that such a construction of the completeness doctrine would create. If the trial counsel in a future case attempted to introduce a record of prior court-martial conviction, might the accused complain that the entire record of trial, including all extenuation and mitigation submissions, must be offered as well? *See* Air Force Regulation 111–1, *Military Justice Guide,* para. 5–3 (1 August 1984). We would not consider such a holding unless we were to conclude that the government had deliberately written its records keeping provisions in such a manner as to unfairly portray the character of military service of those who might subsequently face courts-martial. Experience teaches us that such provisions are usually drafted with an eye towards administrative feasibility, not future punitive consequences. Absent a showing of bad faith, we conclude that the government is not required by Mil.R.Evid. 106 to produce material relating to the character of an accused's service which it does not maintain and is not required to maintain.

■ Our holding does not do violence to the concept which prompted Mil.R.Evid. 106 and its counterpart in the Federal Rules of Evidence. As the Court noted in *United States v. Costner,* 684 F.2d 370, 373 (6th Cir., 1982): "Rule 106 is intended to eliminate the misleading impression created by taking a statement out of context." In this case, the absence of the appellant's submission did not deprive the nonjudicial punishment of a meaningful "context." The intent to impose judicial punishment reflects that the appellant was alleged to have driven a vehicle without a current operator's license in violation of a general regulation and to have fled the scene of an accident. These offenses, on their face, would have exposed the appellant to a maximum punishment extending to a dishonorable discharge and confinement for two years and six months if referred to trial by general court-martial. M.C.M., Part IV, paragraphs 16e(1), 82b(1)(e) (1984). Nonetheless, the appellant's commander exercised his discretion and treated the allega-

tions as minor offenses in imposing nonjudicial punishment. *See* M.C.M., Part V, paragraph le (1984). Also admitted as a portion of the appellant's record of service was the Airman Performance Report (APR) rendered for the period during which she received the nonjudicial punishment. The APR contained the highest possible overall rating. Thus, it is apparent that the nonjudicial punishment, considered in this context, was not treated within the appellant's organization as a matter of the most grave concern which was inevitably destined to affect her career adversely.

■ Military appellate decisions have required that the records of an accused, if they are going to be considered, be considered in just such a context as were the appellant's in this case. *United States v. Salgado-Agosto, supra; United States v. Morgan,* 15 M.J. 128 (C.M.A.1983); *United States v. Goodwin, supra.* It is difficult to discern how an accused receives unfair consideration when all portions of his or her military record are placed before the sentencing authority—the good portions particularly, if the bad are admitted. Any accused has the privilege at trial, if he or she so elects, to attempt to "set the record straight" orally or otherwise during the extenuation and mitigation phase when the record does not present the picture that the accused believes the sentencing authority should have. The fact that the government cannot produce that which it does not and is not required to maintain does not unduly affect the fairness of the system.

We have examined the record of trial, the assignment of errors and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge STEWART concur.